(62 App. Div. 501.)

KEATING v. AMERICAN BREWING CO.

(Supreme Court, Appellate Division, Fourth Department. June 19, 1901.)

1. APPEAL—REVIEW—QUESTIONS NOT SUBMITTED BELOW.
   In an action on a contract with a corporation, where it was claimed that the officers who represented the corporation had no authority to deal in its behalf, but the question of authority was not submitted to the jury, such question was not before the court on appeal from a judgment rendered on verdict.

2. CORPORATIONS—ACTION ON CONTRACT—PLEADING.
   In an action on a contract, to which a corporation is a party, the defense of ultra vires cannot be taken advantage of unless specially pleaded.

3. SAME—ULTRA VIRES.
   A brewing company's contract to purchase hotel furniture is not ultra vires as a matter of law.

Appeal from trial term, Monroe county.

Action by John Keating against the American Brewing Company. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Charles M. Williams, for appellant.

George E. Warner, for respondent.

RUMSEY, J. The action was brought upon a contract by which the plaintiff sold to the defendant and one Henry J. Maring a quantity of hotel furniture at the agreed price of $529. The complaint alleged that the sale was made to the defendant and Maring. The defendant admitted that it was a domestic corporation organized under the laws of the state of New York for the manufacture and sale of ale and beer, and denied all the other allegations of the complaint, setting up affirmatively that the contract was void under the statute of frauds, and further setting up a counterclaim, to which the plaintiff replied. Evidence was given upon both sides as to what occurred at the time of the alleged sale between the plaintiff on the one hand and the secretary and treasurer and the superintendent of the defendant on the other. The evidence of the plaintiff tended to show that the officers of the defendant made this contract with him to purchase this property for a certain sum, part paid down and part to be credited upon a bill which he owed

to the defendant for beer purchased by him, and that after the sale Maring, the joint purchaser with the defendant, went into possession. This was controverted on the part of the defendant by evidence tending to show that no sale was made; that, if it was made, it was within the statute of frauds; and that the officers of the defendant had no authority from it to make this contract. The facts upon which depended the validity of the contract under the statute of frauds were submitted to the jury by a charge which was not excepted to by the defendant, and the finding of the jury in that regard for the plaintiff was fully sustained by the evidence. The defendant insists that its officers who, it was claimed, made this contract, had no authority to deal in its behalf. There was evidence from which it might have been inferred by the jury that the making of such contracts was not an unusual thing on the part of brewing companies, and that these men had made similar contracts in behalf of this company; but no question of the authority of the defendant's officials to make this particular contract was submitted to the jury. For that reason we do not think that that question is presented to us. The jury might have found from the evidence that such authority was vested in the general manager, and, as the defendant did not see fit to request that the question should be submitted to the jury, it is not now in a situation to contend that sufficient proof was not made in that behalf.

The serious question arises, however, upon the claim of the defendant that the contract was ultra vires. When it is claimed that a contract entered into by a corporation is beyond its powers to make because it is outside of the purposes for which it was organized, that claim is an affirmative defense. It admits that the corporation went through the form of making the contract, but denies that its act had the effect claimed for it, because it had no authority to enter into it. This being an affirmative defense, it must be pleaded, and, as it was not pleaded, the defendant here is not in a situation to rely upon it. Nor was any such question raised upon the trial. It is true that a motion was made at the close of the plaintiff's case to dismiss the complaint, but it was not put upon the ground that the contract was beyond the power of the corporation to make. It was suggested that the corporation had not made any agreement, but no question of its power to make it was raised. If it had been raised, we are of the opinion that it could not have been determined as a matter of law that such a contract was beyond the power of a brewing company to make, and such is now the weight of authority in this state. Holm v. Brewing Co., 21 App. Div. 204, 47 N. Y. Supp. 518; H. Koehler & Co. v. Reinheimer, 26 App. Div. 1, 49 N. Y. Supp. 755. The defense of ultra vires, when interposed by a business corporation, is never looked upon with favor; and, indeed, in these days, when corporations are organized for so many and various purposes and their business extends in so many directions, it would be difficult to say that any business act is not within the power of a business corporation. City Trust, Safe-Deposit & Surety Co. of Philadelphia v. Wilson Mfg. Co., 58 App. Div. 271, 68 N. Y. Supp. 1004.

We have examined the exceptions which are referred to in the brief of the appellant's counsel, and are of the opinion that none of them are well taken. Upon the whole case, the judgment and order must be affirmed, with costs. All concur.