ment of the entire instrument completed by a delivery, in order to effect a negotiation, and to entitle the plaintiff to maintain the action." Each party also moved for the direction of a verdict, and the court subsequently directed a verdict for the defendant.

The decision of the learned justice rests upon the ground that the obligation of the defendant is single, and cannot be divided into parts; that only one action can be maintained for the debt in its entirety. This is sustained by clear authority, so far as an action at law is concerned. Chambers v. Lancaster, 160 N. Y. 342, 54 N. E. 707; Secor v. Sturgis, 16 N. Y. 548. The judgment and order must be affirmed.

Judgment and order affirmed, with costs. All concur.

---

(73 App. Div. 607.)

### RICHMOND COUNTY SOC. FOR PREVENTION OF CRUELTY TO CHILDREN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   June 13, 1902.)

1. MUNICIPAL CORPORATION—CONTRACT—ULTRA VIRES—PLEADING.

    In an action against the city of New York to recover for boarding children at the city's instance and request, the defense that the contract on the part of the city was ultra vires, being prohibited by Const. art. 8, § 14, and by the charter of Greater New York relating to payment by cities to charitable institutions wholly or partly under private control, etc., was an affirmative defense, and could not be raised by demurrer, where the complaint merely set out the contract and its performance and a refusal to pay.

2 SAME—PAYMENT—DEMAND—INTEREST.

    In an action against the city of New York to recover for boarding children at the request of the city, interest can be allowed only from the date when demand for payment was made.

Appeal from special term, Richmond county.

Action by the Richmond County Society for the Prevention of Cruelty to Children against the city of New York. From an interlocutory judgment overruling a demurrer to the third and fourth causes of action in the complaint, defendant appeals. Modified and affirmed.

The third cause of action repeats the following paragraphs of the first cause of action (paragraph 1): "That the plaintiff is, and at all times hereinafter stated was, a domestic corporation duly organized and existing under and pursuant to chapter 130 of the Laws of 1875 of the State of New York." Paragraph 2: "The defendant is, and at all times hereinafter stated was, a domestic municipal corporation duly organized and existing under and pursuant to chapter 378 of the Laws of 1897 of the State of New York,"—and alleges that the plaintiff, at the request of the defendant, furnished to defendant board for destitute and dependent children temporarily committed to plaintiff by the magistrates in the county and borough of Richmond from January 1, 1898, to October 1, 1899, amounting to the sum of $164.87, being at the rate of $2 per week for each child; an itemized statement of the names of said children; their ages when committed; the committing magistrates; the days of the commitment; the time remaining in the charge of the plaintiff; and the number of days, with the amount due for the board of each child,— having been, prior to the commencement of this action, duly furnished to the defendant; and "that payment of said sum was demanded and refused on the 30th day of July, 1900, and the claim was presented to the comptroller prior to the commencement of the action." The fourth cause of action re-

peats the first and second paragraphs of the first cause of action, and alleges that the plaintiff, at request of defendant, furnished to defendant board for destitute and dependent children permanently committed to the plaintiff by magistrates in the county and borough of Richmond from January 1, 1899, amounting to $4,443.31, being at the rate of $2 per week for each child; an itemized statement of the names of the children; their ages; when committed; the committing magistrates; the dates of commitment, and the time remaining in charge of the plaintiff; and the number of days, with the amount due for the board of each child,—having been, prior to the commencement of this action, duly furnished to the defendant; and that thereafter, on July 30, 1900, payment thereof was duly demanded and refused, and that said claim was presented to the comptroller more than 30 days prior to the commencement of this action. The defendant demurred on the ground that neither of these alleged causes of action stated facts sufficient to constitute a cause of action. The demurrer was overruled, and from the interlocutory judgment entered upon the decision of the court at special term the defendant has appealed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Samuel H. Evins, for appellant.
Howard R. Bayne, for respondent.

WILLARD BARTLETT, J. The basis of the defendant's demurrer is the proposition that under section 14 of article 8 of the constitution, and under section 661 of the Greater New York charter, the city is without power to make such a contract for the board of destitute and dependent children as it is alleged to have made in the third and fourth causes of action set out in the complaint. The constitution prohibits payments by counties, cities, towns, or villages to charitable, eleemosynary, correctional, or reformatory institutions, wholly or partly under private control, for the care, support, and maintenance of any inmate "who is not received and retained therein pursuant to rules established by the state board of charities." The Greater New York charter provides that no payment shall be made by the city of New York to any such institution for the care, support, secular education, or maintenance of any child surrendered to said institution, or committed to, received, or retained therein, in accordance with other specified sections of the charter, "except upon the certificate of the commissioner having administrative jurisdiction that such child has been received and is retained by such institution pursuant to the rules and regulations established by the state board of charities."

It will be observed that the portions of the complaint now under consideration set out two executed contracts,—one relating to children temporarily committed to the Richmond County Society for the Prevention of Cruelty to Children, and the other to those permanently committed. It is alleged that the plaintiff has furnished board to these children at the request of the city of New York. From this allegation an undertaking or obligation to pay would ordinarily be implied; but it is argued that no such implication arises in the present case because the constitution and the charter forbid payments by a city to a charitable institution under private control for the maintenance of any inmates except such as are received and kept therein

pursuant to rules framed by the state board of charities. This means that the alleged contract was ultra vires, and we are asked to condemn the complaint because it does not contain express averments showing that the requirement in respect to the rules of the state board of charities has been observed, or, in other words, because it does not negative the defense of ultra vires by way of anticipation.

I think the contention of the appellant in this respect rests upon a misconception of the rule of pleading applicable in such a case. Ultra vires is an affirmative defense. It involves an admission that the corporation went through the form of making a contract, and an assertion that its act was ineffectual because it had no power to enter into the agreement. A defense of this character must be pleaded. Keating v. Brewing Co., 62 App. Div. 501, 71 N. Y. Supp. 95. The question cannot be raised by demurring to a complaint which simply sets out the making of the contract by the corporation and its performance by the other party. For these reasons I think that the demurrer to the third and fourth causes of action was properly overruled, and that the city should have an opportunity, if its law officers so desire, to plead the defense of ultra vires by way of answer. It follows that the interlocutory judgment, after a slight modification, should be affirmed.

In regard to the fourth cause of action, the interlocutory judgment provides that, in case the defendant does not elect to answer over, the plaintiff shall have final judgment for the sum of $4,443.31, with interest from January 1, 1899. This date should be July 1, 1900, the day on which the complaint alleges that the payment was demanded of the defendant. Interest can be allowed only from the date of the demand. Taylor v. Mayor, etc., 67 N. Y. 87, 94.

Interlocutory judgment modified as indicated in the opinion of BARTLETT, J., and as modified affirmed, with costs. All concur.