THE CITY OF NEW YORK, Respondent, *v.* MILFORD B. STREETER, Appellant.

*City of New York* v. *Streeter*, 91 App. Div. 206, affirmed.
(Argued November 18, 1904; decided December 6, 1904.)

OFFICERS — PRESUMPTION OF REGULARITY OF OFFICIAL ACTS. Where a municipal charter provides for specific cases in which the vice-chairman of the council may perform the duties of the president, the presumption of the regularity of a warrant signed by the former and issued to the receiver of taxes will obtain, and his signature will be presumed to have been necessitated by one of the causes stated.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1904, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

*Joseph A. Burr*, for appellant.

*John J. Delany, Corporation Counsel* (*Theodore Connoly* of counsel), for respondent.

GRAY, J. The judgment appealed from should be affirmed, with costs. The views expressed in the case of this plaintiff against Matthews (180 N. Y. 41) apply, mainly. The unanimous affirmance concludes us upon all questions raised as to the sufficiency of the evidence and the objection to the warrant to the receiver of taxes, that it was signed by the vice-chairman of the council and not by the president of the council, is without force. The charter provided that the vice-chairman of the council should perform the duties of the president, when the latter was sick, or absent, or under suspension, or was acting as mayor, or when a vacancy existed. (§ 23 of charter of 1897.) The presumption of regularity obtains, in support of the official proceedings, and the signature of the vice-chairman upon the warrant will be presumed to have been necessitated by one of the causes stated.

CULLEN, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment affirmed.