The City of New York, Respondent, *v.* James Matthews, Appellant.

1. New York (City of) — Action to Recover Unpaid Tax upon Personal Property — Presumption in Favor of Validity of Assessment — Defense Must Be Specially Pleaded. Under the Greater New York charter (L. 1901, ch. 466, § 936) any unpaid tax which the city of New York has "duly imposed" upon the personal property of a person or corporation may be recovered in a personal action; and where the tax roll, properly certified, is delivered to the receiver of taxes with a warrant for the collection of the sums assessed to the persons named therein, the completed proceeding, like a judgment, is so far entitled to

legal presumptions in its support that matter in defense of its enforcement must be specially pleaded, or the objection, if going to the jurisdiction, should be specified upon the trial of the action.

2. Same — When Burden Is upon Defendant to Allege and Show Want of Jurisdiction in Assessment of Tax — Frivolous Answer. Where the defendant has failed to have the assessment reviewed by certiorari, it is incumbent upon him, if he is not subject, in his person or property, to the jurisdiction of the municipal authorities in the imposition of the tax, to raise the question by way of defense, or in some distinct and appropriate manner, since the city is no more required by the statute to assume the burden of showing jurisdiction, in making a *prima facie* case, than if the action were upon a judgment; an answer, therefore, is frivolous which merely denies that defendant has any knowledge or information sufficient to form a belief as to the truth of allegations which relate to matters of public record, open to public inspection and with knowledge of which the defendant is chargeable by law.

*City of New York* v. *Matthews,* 91 App. Div. 611, affirmed.

(Argued November 17, 1904; decided December 6, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court, entered March 2, 1904, affirming a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Joseph A. Burr* and *Francis S. McDevitt* for appellant. In order to succeed in this action and to have this particular remedy, the burden of proof is upon the plaintiff to show that the tax was duly imposed. (Black on Tax Titles, § 45; *City of New York* v. *McLean,* 57 App. Div. 604; 170 N. Y. 387; 1 Cooley on Taxn. [3d ed.] 18; 2 Cooley on Taxn. 836, 837, 915.) The word "duly," when used in the statute, means "according to law," and includes both form and substance. (*Brownell* v. *Town of Greenwich,* 114 N. Y. 518; *Baxter* v. *Lancaster,* 58 App. Div. 380; *People ex rel.* v. *Bainbridge,* 26 Misc. Rep. 220; *City of New York* v. *McLean,* 170 N. Y. 374; *Gibson* v. *People,* 5 Hun, 542; *People* v. *Walker,* 23 Barb. 304; *Beach* v. *King,* 17 Wend. 197.) In order, therefore, to maintain this action, the burden of proof

is on the plaintiff to establish by competent and sufficient evidence not only that the taxing officers of the city of New York had jurisdiction both of the person and property of the defendant, but also that all of the requirements of the statute relative to the imposition of the tax in every essential particular have been complied with. (Burroughs on Taxn. 332, § 119; 2 Cooley on Taxn. 915; *Sharp* v. *Spear*, 4 Hill, 86.) There is no presumption in favor of the validity of the tax or the regularity of the proceedings of the taxing officers. (Black on Tax Titles, §§ 246, 261; Blackwell on Tax Titles [4th ed.], 73; *C., C., C. & S. L. R. R. Co.* v. *Randle*, 183 Ill. 364; *Townsend* v. *Downer*, 32 Vt. 183.)

*John J. Delany, Corporation Counsel* (*Theodore Connoly* of counsel), for respondent. The denial of defendant was unavailing, since a party cannot, by a denial of any knowledge or information sufficient to form a belief, raise an issue as to the existence of facts which appear by public records. (*Austen* v. *W. T. Co.*, 8 Misc. Rep. 11; *McLean* v. *J. El. Co.*, 28 Abb. [N. C.] 249.) Plaintiff made out a *prima facie* case and judgment was properly rendered in its favor. (*City of Ithaca* v. *Cornell*, 75 Hun, 85; *Mayor* v. *Goldman*, 125 N. Y. 399; *Inman* v. *Coleman*, 37 Hun, 173; *McMahon* v. *Palmer*, 102 N. Y. 176; Cooley on Taxn. 260; *Lathers* v. *Keogh*, 109 N. Y. 588.) The validity of the assessment cannot be attacked collaterally. (*U. S. T. Co.* v. *Mayor, etc.*, 144 N. Y. 488; *People ex rel.* v. *Feitner*, 44 App. Div. 240; *Matter of Hermance*, 71 N. Y. 481; *People ex rel.* v. *Tax Comrs.*, 99 N. Y. 254; *Matter of Adler Bros.*, 76 App. Div. 571; *B. E. R. R. Co.* v. *City of Brooklyn*, 11 App. Div. 127; *Smyth* v. *Ins. Co.*, 33 How. Pr. 126; *McMahon* v. *Jones*, 67 How. Pr. 113; 1 How. Pr. [N. S.] 270; *McLean* v. *Jephson*, 41 Hun, 479; 123 N. Y. 142.)

Gray, J. This action was brought by the city of New York to recover a tax, which had been imposed upon the personal property of the defendant, for the year 1900; pursuant

to the provision of section 936, of chapter 466 of the Laws of 1901, that "any tax duly imposed for personal property upon any person or corporation in the city of New York, which shall remain unpaid and in arrears on the fifteenth day of January succeeding the year in which it shall have been imposed, may be recovered with interest and costs, by the receiver of taxes of said city, in the name of the city, in an action in any court of record in this State." The complaint alleged that the defendant was duly assessed upon his personal property, "as a resident of the Borough of Brooklyn, in the City of New York," and it set forth, in paragraphs, the proceedings taken by the municipal officers, from the initial one of the deputy tax commissioner, in which the defendant was assessed upon $20,000 of personal property, to the final one, in which the receiver of taxes, holding the warrant of the municipal assembly for the collection of the sum assessed, publicly notified all persons, or corporations, who had omitted to pay their taxes, to pay the same to him. The answer of the defendant consisted, simply, in a denial of any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in the several paragraphs of the complaint. Upon the trial, the plaintiff gave certain evidence in support of its allegations, in the testimony of officers of the tax department and in the public records of the proceedings of the various municipal boards, or bodies, produced from the offices, where they were kept by law. The trial court made findings of fact, which first determined "that a deputy tax commissioner, under the direction of the Board of Taxes and Assessments, assessed the defendant upon personal property in the sum of $20,000, for the purposes of taxation for the year 1900, as a resident of the Borough of Brooklyn in the City of New York," and then determined, separately, the facts of the performance of the acts prescribed by the statutes for the imposition of a tax on personal property. It was found that "the Municipal Assembly finally completed said assessment roll of said borough, and, when so completed, caused the same to be delivered to the receiver of taxes on the first day of

October, 1900, with the warrant annexed, signed by the President of the Council and the President of the Board of Aldermen, and countersigned by the City Clerk, directing and requiring the receiver of taxes to collect from the several persons named in the said assessment roll the several sums mentioned in the last column of the said roll opposite to their respective names," and that said receiver of taxes, on October 1, 1900, gave public notice, as provided by the charter, that said assessment rolls had been delivered to him, and that all taxes were then due and payable at his office, etc. The judgment, which the plaintiff recovered, has been affirmed, unanimously, by the learned justices of the Appellate Division, in the first department.

The stress of the appellant's argument is in the insistence that the plaintiff failed to support a burden, cast by the act upon it, of establishing that the tax was "duly imposed." Those words, obviously, as I think, have reference to the jurisdiction, or right, to assess. That is to say, any tax, which the city was authorized to, and did regularly, impose upon the personal property of the person or corporation, might be recovered in a personal action. The enactment of this law was, probably, designed to permit the city to have recourse to the remedy of a personal action for the recovery of a tax. Such an authorization seemed necessary; inasmuch as a tax, unlike an ordinary debt, is not contractual in its nature and the statutory remedies for its collection did not include an action at law. That the city had jurisdiction to assess the person and property of the defendant was an essential fact to be eventually established, if put in question by the defendant, under a plea that jurisdiction was lacking. But that was not the case here. I find no question raised as to the city's jurisdiction to impose the tax. The answer does not allege, by way of defense, that the city was without jurisdiction and if we might assume, as to which I have grave doubt, that the general denial raised any issue as to the due assessment of the defendant "as a resident of the Borough of Brooklyn in the City of New York," the unanimous affirmance below must

be regarded as conclusive as to the fact. Not only was there no defense pleaded to the jurisdiction ; but, upon the trial, the broadest form of objection taken by the defendant was, only, to the competency of evidence, or that " no proper founda- tion was laid for it." But that, in my opinion, is wholly insufficient to raise the question of the plaintiff's jurisdiction to assess. I think that such a defense, or objection, to the maintenance of the action should be specifically made and that it should not be left to inference. When the plaintiff's proceedings under the charter have culminated in the completion of the assessment roll by the municipal assembly and in its delivery, properly certified to by the tax commissioners as required by law, to the receiver of taxes, with a warrant for the collection of the sums assessed to the persons named therein, that is a final act of the municipal governing body ; which, in its nature, possesses so far the attributes of a judgment, or which, at least, is so far entitled to legal presumptions in its support, as to warrant the application of the rule that matter in defense of its enforcement must be specially pleaded, or the objection, if going to the jurisdiction, should be specified upon the trial. The proceedings of the taxing officers in imposing a tax are judicial in their nature, (*Mercantile Nat. Bank* v. *Mayor, etc., of N. Y.*, 172 N. Y. 35, 41), and to assimilate the result to a judgment, with respect to objections based upon want of jurisdiction, or upon a lack of regularity in the official proceedings, is logical. The one is as final a determination in its nature, as is the other; however differing, of course, in the judicial character of the tribunals and of their procedure. The act of 1880, (Chap. 269, Laws of 1880), authorized the issuance of a writ of certiorari to review assessments, which might be illegal, erroneous, or unjust, and we have held that that act became the only authority for such a review. (*Mercantile National Bank* v. *Mayor, etc., of N. Y., supra.*) The defendant did not choose to avail himself of this effectual remedy, if the imposition of the tax was unwarranted, and, not having done so, it was incumbent upon him, if he was not subject, in his

person, or property, to the jurisdiction of the municipal authorities, to raise that question in some distinct and appropriate manner. The burden of attacking the assessment of a tax upon such a ground is upon the defendant; as it is upon him to show in his defense that some substantial act, in the course of the proceedings for the imposition of a tax, has been omitted. The city is no more required by this statute to assume the burden of showing jurisdiction, in making a *prima facie* case, than if the action were upon a judgment.

The answer of the defendant deserves scant justice from the court; inasmuch as it is unnecessarily evasive in its nature and designed to unduly burden the city in its litigation. It is frivolous, for denying any knowledge, or information, sufficient to form a belief as to the truth of allegations which relate to matters of public record, open by law to public inspection and with knowledge of which the defendant is chargeable by law. The objection to the competency of the evidence adduced by the city, which consisted mainly in the production of public records, is untenable. The city might, properly enough, have rested its case without so much of detail in its proof of the taxing proceedings; but, having done so, no substantial defect appears and the books, or public records, which were required by law to be kept, were admissible in evidence, upon the proof that they came from the proper custody. (*Mayor, etc., of N. Y. v. Goldman,* 125 N. Y. 395.)

I advise the affirmance of the judgment appealed from, with costs.

CULLEN, Ch. J., O'BRIEN, BARTLETT, HAIGHT, VANN and WERNER, JJ., concur.

Judgment affirmed.