### BOROUGH CONSTRUCTION CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   March 12, 1909.)

1. MUNICIPAL CORPORATIONS (§ 360*)—LIABILITY TO SEWER CONTRACTOR—VIOLATION OF CONTRACT BY ENGINEER.

A sewer contractor may recover against the city, where its engineer violates the contract by compelling him to do work against objection and continued protest, on the wrongful insistence that it is within the contract, and its nonperformance would be a breach.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 892, 982½; Dec. Dig. § 360.*]

2. PLEADING (§ 121*)—ACTION ON CLAIM AGAINST CITY—FRIVOLOUS DENIAL AS TO PRESENTATION.

Where a complaint against a city alleges that plaintiff's claim was presented to the comptroller and he failed to allow or pay it, a denial in the answer of any knowledge or information thereof sufficient to form a belief is frivolous, where the claim was on file in the comptroller's office.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

Appeal from Trial Term, Kings County.

Action by the Borough Construction Company against the City of New York. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

The action is for damages for breach of a contract of the plaintiff with the defendant to build a sewer, by which the plaintiff was compelled to do work and furnish material not covered or required by the contract.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Theodore Connoly (Terence Farley and Francis Martin, on the brief), for appellant.

Edward M. Grout (James F. McKinney, on the brief), for respondent.

GAYNOR, J. The ground of defendant's liability alleged in the complaint and stated in the charge is not that the plaintiff performed extra work, i. e., work outside of the contract, at the request of the engineer in charge for the defendant under the terms of the contract, and thereby made with him a new contract therefor, which he had no power to make for the defendant, but that the engineer violated the contract by compelling the plaintiff to do such work against its objec-

tion and continued protest, on the wrongful insistence by him that it belonged under the contract, and that its nonperformance would be a breach thereof; and for that a recovery may be had. Gearty v. Mayor, 171 N. Y. 61, 63 N. E. 804.

The point is raised by the defendant that the claim alleged in the complaint and on which the plaintiff was allowed to recover was a different one to that filed with the city comptroller pursuant to section 261 of the city charter (Laws 1901, p. 114, c. 7). It suffices that there was no such issue in the case. The complaint alleged that the claim alleged in the complaint was presented to the comptroller on August 9, 1905, and that he failed to allow or pay the same, and the answer only denies any knowledge or information of this allegation sufficient to form a belief thereof. This did not suffice for a denial, i. e., it was a frivolous denial, for the claim as presented in writing was on file in the comptroller's office, and therefore the defendant in presumption of law had full knowledge of it and of its contents, and was not permitted to resort to the lenient form of denial which it used. Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151; Purdy v. City of New York, 126 App. Div. 320, 110 N. Y. Supp. 822; Bogart v. City of New York, 128 App. Div. 139, 112 N. Y. Supp. 549. The opinion in the recent decision in the Purdy Case by the Court of Appeals (86 N. E. 560) presents no embarrassment in respect of this rule of pleading. The order of this court reversing the judgment of dismissal of the complaint on the ground of the insufficiency of such notice was reversed, although it was pointed out here by an opinion that there was no such issue in the case, because of a denial in the answer the same as the one in the present case. But the ground for reversal stated in the opinion of the learned judge who wrote in the Court of Appeals is solely the insufficiency of the notice, only this being said to cover the point that the pleadings presented no such issue, viz.: "None of the other questions presented need to be discussed." But as the Court of Appeals has itself fully established the said rule of pleading in City of New York v. Matthews, 180 N. Y. 41, 72 N. E. 629, it cannot be presumed that it meant to upset it in the Purdy Case. It would be more reasonable to infer that counsel for the plaintiff omitted to stand on the point in the Court of Appeals; or else that the court considered the point as not raised on the trial.

The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur.