SMITH v. MARTIN et al.

(Supreme Court, Special Term, Kings County. August 9, 1910.)

RECORDS (§ 9*)—REGISTRATION OF TITLE TO LANDS—PLEADING—JUDGMENT.

    Under Real Property Law (Laws 1908, c. 444, Laws 1909, c. 52 [Consol. Laws, c. 50, art. 12]) § 379, as amended by Laws 1910, c. 627, § 2, providing that, in proceedings for registration of title, the complaint shall state what claim, if any, the state of New York makes to the property in question, or any interest it has therein, other than the general governmental interest, or such as exists as to all lands in private ownership, and section 385, as amended, providing that service of the summons on the Attorney General shall be made by mailing a copy thereof, together with a copy of the complaint, etc., and section 391, as amended, providing that no judgment of registration shall be made unless the court is satisfied that the title to be registered is free from reasonable doubt, while a complaint filed and acted on by an order of court before the amendment could not be held defective in regard to notice to the state for failure to set out the interest of the state, plaintiff was not entitled to judgment on an answer denying on information and belief knowledge by the people as to the truth of the matters alleged.

    [Ed. Note.—For other cases, see Records, Dec. Dig. § 9.*]

Action by Irving T. Smith against Marion S. I. Martin and another, as executors of the last will of Eliza J. Smith, deceased. On motion by plaintiff for judgment on the answer. Denied.

Matthew J. Wheelehan (Gilbert Ray Hawes, of counsel), for the motion.

Amos H. Stephens, Deputy Atty. Gen., opposed.

PUTNAM, J. This act, originally passed in 1908 (Laws 1908, c. 444), now Real Property Law (Laws 1909, c. 52 [Consol. Laws, c. 50]) §§ 370–435, has been further amended by Laws 1910, c. 627, taking effect June 23, 1910. Plaintiff has moved for a judgment upon an answer interposed by the people of the state of New York. The decision of the matter involves the amendment of 1910, passed after the filing of the complaint and the order of court directing the commencement of the action by the issuance and service of a summons.

One of the purposes of the amendment of 1910 was to relieve the Attorney General from being involved in controversies in which the people were not interested and from appearing and participating in suits in order to protect possible interests of the state. Accordingly, it is now provided:

"The complaint shall state at the beginning thereof what claim, if any, the state of New York makes to the property in question, or what interest, if any, it has therein other than the general governmental interest or such as exists as to all lands in private ownership." Section 379, as amended in 1910.

The amendment is also in the direction of a more complete acceptance of the examiner's certificate of title, as it states:

"The allegation and statement of the examiner's certificate of title and of his abstract and searches, and in the survey shall be prima facie and presumptive evidence of the facts so alleged and stated, and if any defendant controverts any allegation or statement contained in said certificate of title,

*For other cases see same topic &-§ NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

abstract, or searches, or survey, the facts controverting such allegation or statement must be specifically pleaded and set forth, and must be established affirmatively by the defendant pleading or setting forth the same. The court may require at any time any amendment or modification of said official examiner's. certificate or any further amended survey or certificate, or any additional evidence or proof that may be necessary or proper. All the allegations and statements in said certificate, abstract, searches and survey shall be taken and construed as statements of fact unless they are expressly declared therein to be conclusions or opinions."

Service upon the Attorney General is also simplified in that now service of the summons shall be sufficiently made—

"by mailing a copy thereof, together with a copy of the complaint (but not of the official examiner's certificate of title or abstract or other papers filed with the complaint and application). * * *" Section 385, as amended.

These and other provisions of the amended law indicate that the Attorney General will only be expected to intervene when the complaint has notified him of an interest on the part of the state.

This summons and complaint was filed May 18, 1910, and alleged generally that the people of the state of New York are made parties pursuant to section 379 of real property law. Of course, the complaint did not set forth what interest the state had, because that requirement had not then been enacted. An order of court for the issuance of the summons and its service was made June 16th, and on June 28th, five days after the new law, the Attorney General demanded a copy of the complaint and all other papers in this action, which, with the examiner's certificate of title and attached searches and surveys, was served on June 30th. On July 6th the Attorney General served an answer for the people, in which they—

"deny that they have any knowledge or information sufficient to form a belief as to the truth of any of the allegations in said complaint contained."

After the expiration of the period of publication, during which no other answer was interposed, the plaintiff moved for judgment on the ground that the answer of the Attorney General does not specifically controvert the averments of the complaint.

As the amendment of June 23d made no reservation of the pending proceedings, it must be held to affect this action, and, although the Attorney General did not have the prescribed information as to what claim of interest the state had, he was nevertheless called upon in his answer to comply with the new and specific provision of section 385 as to controverting the complaint. He, however, could not readily determine from the papers served whether or not the state had any interest. Still it cannot be held that the plaintiff's complaint is defective in regard to notice to the state, because it had been filed and duly acted upon an order of the court before this amending statute. Had the complaint definitely stated the claim and interest of the state, this form of answer would probably not have been interposed.

While it is held that a denial of information in an answer does not raise an issue as to matters that are of public record (City of N. Y. v. Matthews, 180 N. Y. 41, 72 N. E. 629) it cannot be properly said in these proceedings that the Attorney General is officially charged with

knowledge of all records of private titles throughout the state. That statute as amended further says:

"No judgment of registration shall be made unless the court is satisfied that the title to be registered accordingly is free from reasonable doubt. The judgment and any order made and entered in an action under this act shall, except as herein otherwise provided, be forever binding and conclusive upon the state of New York and all persons in the world. * * *" Section 391, as amended.

The purpose of this statute is to create a judgment in rem perpetually conclusive. Other proceedings in rem may determine the status of a ship or other chattel that is transient. This legislation provides for a decree that shall include the title to an interest that is to be as lasting as the land itself. If the state has any interest in the res, or its officers are not informed whether or not it is so interested, the rights of the people are not to be barred on a point of pleading.

The motion for judgment on the answer is therefore denied, without costs, with leave to plaintiff, if he elects, to file a supplemental allegation stating what claim or interest the state of New York has herein.