IRVING T. SMITH, Plaintiff, *v.* MARION S. I. MARTIN et al., THE PEOPLE OF THE STATE OF NEW YORK, Impleaded, Defendants.

(Supreme Court, Kings Special Term, September, 1910.)

Real property — Registration of title — Procedure — Pleading — Complaint.
Judgment — Rendition — At particular stages of the action — Motion for on the pleadings — Against the State — In action for registration of title.

In proceedings to register and confirm title pursuant to article 12 of the Real Property Law, a complaint, filed and on which the court had acted before the amendment of June 23, 1910 (which requires the complaint to state what claim, if any, the State makes to the property or what interest, if any, it has therein), took effect, cannot be held defective for failure to state the facts required by such amendment.

Such amendment, however, applies to pending proceedings, and the Attorney-General is required, if he controverts any allegation or statement, specifically to plead the facts; but judgment will not be ordered upon an answer by him for the people, denying that they have any knowledge or information sufficient to form a belief as to the truth of any of the allegations contained in the complaint, for the rights of the people are not to be barred on a point of pleading; and the motion for judgment on the answer should be denied with leave to the plaintiff, if he elects, to file any supplemental allegation, stating what claim or interest the State has in the lands affected by the proceeding.

PROCEEDINGS to register and confirm title pursuant to the Land Registration Law (Real Property Law, article 12).

Matthew J. Wheelchan, for plaintiff.

Gilbert Ray Hawes, for defendants Martin et al.

Edward R. O'Malley, Attorney-General (Amos H. Stephens, Deputy Attorney-General), for people.

PUTNAM, J. This act, originally passed in 1908 (Laws of 1908, chap. 444; Real Prop. Law, §§ 370–435; Laws of 1909, chap. 52), has been further amended by Laws of 1910, chapter 627, taking effect June 23, 1910. Plaintiff has moved for a judgment upon an answer interposed by the people of the State of New York. The decision of the matter involves the amendment of 1910, passed after the filing of the complaint, and the order of court directing the commencement of the action by the issuance and service of a summons.

One of the purposes of the amendment of 1910 was to relieve the Attorney-General from being involved in controversies in which the people were not interested, and from appearing and participating in suits in order to protect possible interests of the State. Accordingly, it is now provided: " The complaint shall state at the beginning thereof what claim, if any, the State of New York makes to the property in question, or what interest, if any, it has therein other than the general governmental interest or such as exists as to all land in private ownership." § 379, as amd. in 1910.

The amendment is also in the direction of more complete acceptance of the examiner's certificate of title, as it states: " The allegations and statements of the examiner's certificate of title, and of his abstract and searches, and in the survey, shall be *prima facie* and presumptive evidence of the facts so alleged and stated, and if any defendant controverts any allegation or statement contained in said certificate of title, abstract, or searches, or survey, the facts controverting such allegation or statement must be specifically pleaded and set forth, and except as in this section otherwise provided must

be established affirmatively by the defendant pleading or setting forth the same. * * *. Where a party has controverted in his pleading specifically an allegation or statement contained in said certificate of title, abstract, searches or survey, any party who has appeared in person or by attorney or counsel at the trial may require that the ordinary rules of evidence and proof, unaffected by this section, shall apply to the matters so controverted." § 385, as amd.

Service upon the Attorney-General is also simplified, in that now service of the summons shall be sufficiently made "by mailing a copy thereof, together with a copy of the complaint (but not of the official examiner's certificate of title or abstract or other papers filed with the complaint and application) * * *." § 385, as amd.

These, and other provisions of the amended law, indicate that the Attorney-General will only be expected to intervene when the complaint has notified him of an interest on the part of the State.

This summons and complaint were filed May 18, 1910, and alleged generally that the people of the State are made parties pursuant to section 379 of the Real Property Law. Of course the complaint did not set forth what interest the State had, because that requirement had not then been enacted. An order of court for the issuance of the summons and its service was made on June sixteenth; and on June twenty-eighth — five days after the new law — the Attorney-General demanded a copy of the complaint and all other papers in the action, which, with the examiner's certificate of title and the attached searches and surveys, were served on June thirtieth. On July sixth the Attorney-General served an answer for the people in which they "deny that they have any knowledge or information sufficient to form a belief as to the truth of any of the allegations in said complaint contained."

After the expiration of the period of publication, during which no other answer was interposed, the plaintiff moved for judgment on the ground that the answer of the Attorney-General does not specifically controvert the averments of the complaint.

As the amendment of June twenty-third makes no reservation of pending proceedings, it must be held to affect this action, and, although the Attorney-General did not have the prescribed information as to what claim or interest the State had, he was, nevertheless, called upon in his answer to comply with the new and specific provisions of section 385 as to controverting the complaint. He, however, could not readily determine from the papers served whether or not the State had any interest. Still, it cannot be held that the plaintiff's complaint is defective in regard to notice to the State, because it had been filed and duly acted upon by an order of the court before this amending statute.

Had the complaint definitely stated the claim and interest by the State, this form of answer would probably not have been interposed. While it is held that a denial of information in an answer does not raise an issue as to matters that are of public record (City of New York v. Matthews, 180 N. Y. 41), it cannot properly be said in these proceedings that the Attorney-General is officially charged with the knowledge of all records of private titles throughout the State.

The statute as amended further says: "No judgment of registration shall be made, unless the court is satisfied that the title to be registered accordingly is free from reasonable doubt. The judgment and any order made and entered in an action under this act shall, except as herein otherwise provided, be forever binding and conclusive upon the state of New York and all persons in the world, * * *." § 391, as amd.

The purpose of this statute is to create a judgment *in rem* perpetually conclusive. Other proceedings *in rem* may determine the status of a ship or other chattel that is transient: this legislation provides for a decree that shall conclude the title to an interest that is to be as lasting as the land itself.

If the State has any interest in the *res,* or its officers are not informed whether or not it is so interested, the rights of the people are not to be barred on a point of pleading.

The motion for judgment on this answer is, therefore,

denied, without costs, with leave to plaintiff, if he elects, to file any supplemental allegation stating what claim or interest the State of New York has herein.

Motion denied, with leave to plaintiff to file a supplemental allegation.