(70 Misc. Rep. 132.)

### F. V. SMITH CONTRACTING CO. v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County.   December, 1910.)

1. MUNICIPAL CORPORATIONS (§ 374*)—CONTRACTS—QUANTUM MERUIT.

Greater New York Charter (Laws 1901, c. 466) § 419, provides that contracts for work for the city shall be made by the appropriate borough president or heads of departments under regulations established by the board of aldermen, and that work necessary to complete a particular job or supplies needful, which shall involve expenditure of over $1,000, shall be furnished by contract with the appropriate borough president and heads of departments.   Section 149, as amended in 1901, provides that no claim against the city for work done or material furnished with immaterial exceptions shall be paid unless an auditor of account shall certify that the charges are just and reasonable, and if, in an action against the city on a claim, not embraced in the exceptions, the amount claimed by plaintiff is in excess of the amount so audited, it must be established by competent evidence.   *Held*, that a contract by a department without public letting is equivalent to an agreement to pay quantum meruit, and the specification of a price can be deemed only a maximum limitation raising no presumption in favor of the contractor as to the value of his services.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 374.*]

2. MUNICIPAL CORPORATIONS (§ 374*)—CLAIMS—ACTIONS.

Such a contractor need not postpone action upon his claim until it shall have been audited; but, when 30 days have elapsed since filing of his claim with the comptroller, if it has not been acted upon, he may sue, alleging the contract price and assuming that it would be found moderate by the auditor, and in such an action the city need not affirmatively plead that the auditor has audited adversely to the claim, but may plead a general denial, and at the trial object to plaintiff's proof of the claim.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 374.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. Pleading (§ 132*)—"Affirmative Defense."

An "affirmative defense" is a plea interposed as a basis for proving some new fact.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 132.*

For other definitions, see Words and Phrases, vol. 1, p. 248.]

Action by the F. V. Smith Contracting Company against the City of New York. New trial granted.

See, also, 138 App. Div. 907, 123 N. Y. Supp. 1117.

Charles J. Hardy, for plaintiff.

Francis Martin, for defendant.

WHITNEY, J. The work in question was ordered, and the expenditure therefor duly recognized and appropriated, by the board of the appropriate department. The amount involved was less than $1,000. Hence the provisions of section 419 of the Greater New York Charter (Laws 1901, c. 466) were complied with. Section 149, however, as amended in 1901, seems to require all such claims to be audited in the department of finance before they can be recovered upon in an action at law. Construing the two sections together, and bearing in mind that the provisions of section 149 are later in date, it would seem to result that any contract made by a department without public letting for the performance of work for a fixed sum is legally equivalent to an agreement to pay quantum meruit; for, if the auditor thinks the work worth less than the contract price, "the plaintiff must establish his claim by competent evidence of value." The contract price does not give the plaintiff a favorable presumption, nor can it ever be used as evidence tending to support his cause; for "no testimony shall be admitted to show a promise * * * to pay any larger sum than the amount so audited or allowed by the department of finance." If the sum named in the contract can be proved at all, it can only be, as would seem from the language of the charter, by the city in defense as putting a maximum limit upon the quantum meruit. Plaintiff's only comment upon this provision is that it "is hard to understand the reasoning," and that it should be held only to apply to claims resting upon other than contract obligations; but this construction is shown by reference to the preceding clauses of section 149, under the rule noscitur a sociis, to be an impossible construction. It is not, however, necessary for a plaintiff to postpone his action until his claim shall have been audited. That might subject him to unreasonable delay. When the 30 days have elapsed since the filing of his claim with the comptroller, if it has not been acted upon, I think that a reasonable construction of the statute would authorize him to sue, alleging the contract price and assuming that it would be found moderate by the auditor. If, however, the auditor finds otherwise, the statute provides a rule of evidence to be enforced by the court at the trial. If this be the correct construction of the statute, it is not necessary for the city to plead affirmatively that the auditor has audited adversely to the claim non constat—that at the time of the city's pleading he has yet audited at all.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It would follow that it is unnecessary to discuss whether or not, as contended, it is necessary as a general rule for the city to plead in confession and avoidance the illegality of a contract sued upon, instead of filing a general denial and objecting at the trial to plaintiff's proof thereof. Hence I do not discuss the decision of the Appellate Division of the Second Department in Richmond Co. Socy. v. City of New York, 73 App. Div. 607, 77 N. Y. Supp. 41, which seems strongly to support plaintiff's contention; although, if it be the law, I do not see why in every case where a principal is sued upon a contract made by his agent it would not be necessary to plead the latter's lack of authority as an affirmative defense, in order to avail oneself of plaintiff's failure to prove it. By the true principles of Code pleading, as formerly understood, it is necessary to aver only facts, not conclusions of law. This applies as well to an answer as to a complaint. An affirmative defense is a plea interposed as a basis for proving some new fact. Hence, if plaintiff's proof discloses a fatal defect in his case, a motion to dismiss lies, whether the defect is or is not alluded to in the answer. It was for the purpose of avoiding this general rule that the codifiers inserted a special provision that the statute of limitations must be pleaded. The case of Crane v. Powell, 139 N. Y. 379, 34 N. E. 911, upon which plaintiff largely relies, was decided over strong dissent and overturned a line of uniform decisions long antedating the Code, as shown by Mr. Justice O'Gorman in Patterson v. Powell, 31 Misc. Rep. 250, 64 N. Y. Supp. 43; Id., 56 App. Div. 624, 68 N. Y. Supp. 1145. I think that the case has generally been regarded by experienced pleaders as anomalous, and one whose analogy cannot be far extended without revolutionizing the system of Code pleading and filing answers with legal arguments. Plaintiff also contends that the answer raises no issue because it merely denies knowledge or information sufficient to form a belief as to allegations which relate to matters that presumably are, and in fact have here turned out to be, matters of record in various city offices. This raises a question as to the limitations of the recent doctrine, dating from the dicta in City of N. Y. v. Matthews, 180 N. Y. 41, 47, 72 N. E. 629, that allegations as to matters which presumably ought to be known to defendant cannot be controverted except by a direct denial. Borough Const. Co. v. City of New York, 131 App. Div. 278, 115 N. Y. Supp. 697; Stone v. Auerbach, 133 App. Div. 75, 117 N. Y. Supp. 734. This is a doctrine in an aspect salutary and yet in another aspect dangerous; for, so far as applicable, it dispenses with evidence altogether, yet the records may be in fact lost, although presumably not lost, just as memory of facts once known may have been lost, so that defendant may be unable honestly either to affirm or deny the facts alleged. Probably the framers of the Code intended the remedy in such a case to be by motion to strike out as sham and by prosecution for perjury. On the whole the doctrine seems to me inapplicable to the present pleadings, especially in view of the charter provisions already discussed.

Trial having proceeded upon an erroneous theory, it seems necessary that a new trial be granted.

Ordered accordingly.