LONG ISLAND R. CO. v. JONES et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1912.)

1. CORPORATIONS (§ 514*)—ACTIONS—PLEADING—DENIAL OF CORPORATE EXISTENCE.

Code Civ. Proc. § 1776, provides that, in an action by a corporation, it need not prove its corporate existence, unless the answer is verified and contains an affirmative allegation that it is not a corporation. Section 3382 provides that, where the mode of conducting condemnation proceedings is not expressly provided for by law, the practice shall conform to ordinary practice. The defendant in a condemnation proceeding by a railroad company denied any knowledge or information sufficient to form a belief as to its incorporation and the powers conferred upon it by the various acts referred to in its petition. Held, that the denial was not sufficient to raise the issue of plaintiff's corporate existence.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2052–2081; Dec. Dig. § 514.*]

2. EMINENT DOMAIN (§ 171*)—PROCEEDINGS TO TAKE—DEFENSES.

In a condemnation proceeding, the issuable facts are those which are essential as a basis for the proceeding, and the right of a public service corporation to condemn land may be resisted on the ground that it is not a corporation; that the Legislature has not conferred upon it the right to exercise the power of eminent domain; that the use for which the property is sought is not a public use, or, if so, that it is not the specific public use for which plaintiff was given the power to condemn; or that there is no necessity for the taking of the land for such use.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 468, 469; Dec. Dig. § 171.*]

3. EMINENT DOMAIN (§ 187*)—PROCEEDINGS TO TAKE—POSSESSION AND USE PENDING PROCEEDING.

Code Civ. Proc. § 3380, provides that in eminent domain proceedings, when answer is interposed and the court is satisfied that the public interest will be prejudiced by delay, it may direct immediate possession pending the proceedings, on payment of a deposit in court, and that, if judgment goes for defendant, possession shall be returned to him. Section 3369 provides that if there is no answer, and the petition entitles the plaintiff to the relief demanded, judgment shall be entered forthwith condemning the land and appointing commissioners to ascertain compensation therefor, and that, if answer is interposed and judgment is for plaintiff, a similar judgment shall be entered for plaintiff, while, if judgment is for defendant, the petition shall be dismissed. Held, that when the use is a public use, and the court is satisfied that, assuming that the necessity for taking, when that is the only issue made by the pleadings, will ultimately be decided in plaintiff's favor, but the public interest will be prejudiced by the delay necessary to the determination thereof, it may, without determining the issue of necessity, award plaintiff temporary possession.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 505, 507; Dec. Dig. § 187.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. CONSTITUTIONAL LAW (§ 48*)—CONSTRUCTION OF STATUTE TO GIVE VALIDITY.

A statute must, if possible, be so construed as to be valid.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 46; Dec. Dig. § 48.*]

5. EMINENT DOMAIN (§ 187*)—RIGHT TO IMMEDIATE POSSESSION.

Code Civ. Proc. § 3380, provides that plaintiff in a condemnation proceeding may be awarded immediate possession of the property to be taken upon depositing in court the amount claimed in the answer as the value of the property, which sum shall be applied so far as it may be necessary to the payment of the award made, and the residue, if any, returned to the plaintiff, and, in case no award is made or the petition is dismissed, that the deposits shall be applied to damages for the entry made, and the possession restored to the defendant. *Held* that, as the statute made it certain that the owner would ultimately receive compensation, it was constitutional.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 505, 507; Dec. Dig. § 187.*]

6. EMINENT DOMAIN (§ 320*)—COMPENSATION—CONDITION PRECEDENT TC PASSING OF TITLE.

The title to property taken by eminent domain does not pass from the owner until just compensation is actually received.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 627–628; Dec. Dig. § 320.*]

7. EMINENT DOMAIN (§ 187*)—RIGHT TO IMMEDIATE POSSESSION—ANSWER—ALLEGATION OF VALUE.

The fact that defendant in his answer in condemnation proceedings did not state any sum as the value of the property could not prevent the court from granting an application for immediate possession pending the proceeding, and fixing the sum to be deposited, which would be adequate indemnity.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 430; Dec. Dig. § 187.*]

Appeal from Special Term, Queens County.

Condemnation proceeding by the Long Island Railroad Company against Daniel S. Jones and others. From an order denying a motion for possession of the real property to be taken in the proceeding, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Louis J. Carruthers, of Brooklyn, for appellant.

Hector M. Hitchings, of New York City, for respondents.

BURR, J. The Condemnation Law contains this provision:

"When an answer to the petition has been interposed, and it appears to the satisfaction of the court that the public interests will be prejudiced by delay, it may direct that the plaintiff be permitted to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition, upon depositing with the court the sum stated in the answer as the value of the property, and which sum shall be applied, so far as it may be necessary for that purpose, to the payment of the award that may be made, and the costs and expenses of the proceeding, and the residue, if any, returned to the plaintiff, and, in case the petition should be dismissed, or no award should be made, or the proceedings should be abandoned by the plaintiff, the court shall direct that the money so deposited, so far as it may be necessary, shall be applied to the payment of any dam-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ages which the defendant may have sustained by such entry upon and use of his property, and his costs and expenses of the proceeding, such damages to be ascertained by the court, or a referee to be appointed for that purpose, and if the sum so deposited shall be insufficient to pay such damages, and all costs and expenses awarded to the defendant, judgment shall be entered against the plaintiff for the deficiency, to be enforced and collected in the same manner as a judgment in the Supreme Court; and the possession of the property shall be restored to the defendant." Code of Civil Procedure, § 3380.

The questions presented by this appeal are, first, does the statute authorize the court to award temporary possession of the property where, in condemnation proceedings instituted by a railroad company, an answer has been interposed which only puts in issue the allegations of the petition as to the necessity for the acquisition of defendant's lands for public use; and, second, if it does, is such statute constitutional.

[1] Although the answer denies any knowledge or information sufficient to form a belief as to the incorporation of the plaintiff and the powers conferred upon it by the various acts referred to in the petition, we think that this form of denial is insufficient to raise an issue. See Code of Civil Procedure, § 1776; City of New York v. Matthews, 180 N. Y. 41, 72 N. E. 629; Dahlstrom v. Gemunder, 198 N. Y. 449, 92 N. E. 106, 19 Ann. Cas. 771; Borough Construction Co. v. City of New York, 131 App. Div. 278, 115 N. Y. Supp. 697; Stone v. Auerbach, 133 App. Div. 75, 117 N. Y. Supp. 734; Preston v. Cuneo, 140 App. Div. 144, 124 N. Y. Supp. 1031; Olsen v. Singer Mfg. Co., 143 App. Div. 142, 127 N. Y. Supp. 697. It is true that in the Condemnation Law, which is now a part of the Code of Civil Procedure (sections 3357–3384), there is no express restatement of the rule contained in section 1776 with regard to the form of pleading in an action necessary to put in issue the fact of corporate existence. But there is a clear indication of a legislative purpose to conform the procedure under the Condemnation Law so far as possible to that in actions and other special proceedings (see sections 3364–3366, 3368, 3372, 3375, 3376), and it is expressly provided in section 3382 that:

"Where the mode or manner of conducting all or any of the proceedings therein is not expressly provided for by law, * * * the practice in such cases shall conform, as near as may be, to the ordinary practice in such court." See In re N. Y., L. & W. R. R. Co., 99 N. Y. 12, 1 N. E. 27.

[2-4] The learned court at Special Term held that, as "the right of the petitioner to condemn the property in question has not been adjudicated," no power existed to award temporary possession of the land. This construction not only reads into the statute language not contained therein, but is directly contrary to the clear meaning and intent thereof. If no answer is interposed, and it appears from the petition that plaintiff is entitled to the relief demanded, judgment is forthwith entered condemning the land and appointing commissioners to ascertain the compensation to be made to the owners thereof. Code Civ. Proc. § 3369. If an answer is interposed and the decision goes in favor of plaintiff, a similar judgment is entered, while, if judg-

ment goes in favor of defendant, the petition is dismissed. Id. When no answer is interposed, the Legislature has made no provision for temporary possession, perhaps influenced by the expectation that there should be no considerable delay in determining the amount of compensation to be received by those entitled thereto. That section 3380 contemplates an application between the interposition of an answer and the entry of judgment upon a determination of the issues raised thereby is clear from the provision contained therein that, if judgment goes for the defendant, the "possession of the property shall be returned to him," and the sum deposited, or so much as may be necessary, shall be applied to the payment of any damage which he may have sustained by entry upon and use of his property. So far as plaintiff is concerned, the purpose of the statute is to enable him to proceed at his own expense with the projected improvement pending the determination of his right to condemn, provided he chooses to take the risk of an unfavorable decision upon that issue, with the consequent loss to him not only of the amount expended in the meantime, but with the certain obligation to make good to defendant all his damage resulting therefrom. This purpose would be defeated if in each instance the right to condemn must first be established. In a condemnation proceeding the issuable facts are those facts which "are essential as a basis for the institution of the proceeding." City of Geneva v. Henson, 195 N. Y. 447, 88 N. E. 1104. The right of a public service corporation to condemn land may be resisted upon several grounds. Among these are (a) that it is not an existing corporation—In re B. W. & N. Ry. Co., 72 N. Y. 245; In re New York Cable Co. v. Mayor, 104 N. Y. 1, 10 N. E. 332; (b) that the Legislature has not conferred upon it the right to exercise the power of eminent domain—In re N. F. & W. R. Co., 108 N. Y. 375, 15 N. E. 429; Erie R. Co. v. Steward, 61 App. Div. 480, 70 N. Y. Supp. 698, affirmed 170 N. Y. 172, 63 N. E. 118; (c) that the use for which the property is sought is not a public use, or, if so, that it is not the specific public use for which plaintiff was given the power of condemnation—Queens Terminal Co. v. Schmuck, 147 App. Div. 502, 132 N. Y. Supp. 159; or (d) that there is no necessity for the acquisition of the land for such use—In re Staten Island R. T. Co., 103 N. Y. 251, 8 N. E. 548; Long Island R. R. Co. v. Sherwood, 205 N. Y. 1, 98 N. E. 169. All of these are issuable facts. It is hard to think of a case—in fact, none suggests itself to our minds—in which the statute would be available if construed so as to require a determination favorable to plaintiff of either of these basic facts before temporary possession might be given. But defendant contends that, when the issue of necessity is raised, it cannot be determined that "the public interests will be prejudiced by delay" without in effect determining in advance that issue, since, if there is no necessity, public interests will not be affected. To a degree, if not to the same degree, the argument applies, also, to a case where resistance is made upon either of the other grounds stated. The "public" interests cannot be affected if plaintiff is not a corporation, or has no power of condemnation, or the use is not a public use or is not the specific public use for which

the power of eminent domain has been conferred. The statute must, if possible, be so construed as to give it vitality. We think its fair meaning is that when the use specified is a public use and when the court is satisfied that, assuming that the issues raised by the petition and answer will ultimately be decided in plaintiff's favor, public interests will be prejudiced by the delay necessary to the determination thereof, it may grant the relief asked for. The situation is somewhat analogous to that presented when in an action for equitable relief by way of injunction a provisional remedy by order is granted, which, for the time being, affords the same relief sought to be obtained by final judgment. There is a preliminary hearing there which to some extent involves the merits. We see no reason for holding that the Legislature intended to except from the beneficial provisions of the act the case when "necessity" was the fact at issue, while making it applicable to every other case.

[5, 6] The constitutionality of this act was considered and its validity sustained in Re N., L. & O. Power Co., 111 App. Div. 686, 97 N. Y. Supp. 853, and there is a dictum to the like effect in Re St. L. & A. R. Co., 133 N. Y. 270, 31 N. E. 218, where the court said: "The provision made by section 3380 fully satisfies the constitutional obligation." Viewing it as an original proposition, we should reach the same result. Our Bill of Rights contains this provision:

"Nor shall private property be taken for public use without just compensation." Const. art. 1, § 6.

It does not in express terms require compensation to precede possession, although the title does not pass from the owner until such compensation is actually received. "If compensation need not be first made, then the whole matter rests in the discretion of the Legislature and the right to possession is complete when the conditions precedent imposed by statute have been complied with" (2 Lewis on Eminent Domain [3d Ed.] § 833), provided some definite provision is contained therein whereby it is made secure and certain that the owner will ultimately obtain compensation (Bloodgood v. M. & H. R. R. Co., 18 Wend. 9, 31 Am. Dec. 313; Sage v. City of Brooklyn, 89 N. Y. 189; In re St. Lawrence, etc., R. R. Co., 66 Hun, 306, 21 N. Y. Supp. 131; Brewster v. Rogers Co., 169 N. Y. 73, 62 N. E. 164, 58 L. R. A. 495; Cherokee Nation v. Kansas R. R. Co., 135 U. S. 641, on page 659, 10 Sup. Ct. 965, 34 L. Ed. 295).

[7] The fact that defendant omitted to state in the answer any sum "as the value of the property" will not prevent the court from granting the application and fixing the sum to be deposited which shall be adequate indemnity. In re N., L. & O. Power Co., supra.

The order should be reversed, with $10 costs and disbursements, and the proceeding remitted to the Special Term to pass upon the merits of the application. All concur.