NICHOLAS A. PALLOTT, Plaintiff, *v.* ELABORATED READY ROOFING COMPANY, Defendant.

Supreme Court, Monroe County, January 26, 1931.

*Samuel Levy*, for the plaintiff.

*O'Brien & Emerson*, for the defendant.

RODENBECK, J. The action is one to recover damages for the breach of a contract of hire. The particulars specified in the notice for examination, to which objection is made, relate to matters connected with the performance of the contract by the plaintiff and the facts and circumstances in relation to his discharge.

The issue upon these matters is raised by a denial of knowledge or information sufficient to form a belief. Section 288 of the Civil Practice Act authorizes an examination of a party which

is " material and necessary in the prosecution or defense of the action." Section 261 provides that the answer must contain a general or specific denial or knowledge or information, and " a statement of any new matter constituting a defense or counterclaim." The defense referred to in section 288 is, therefore, one containing new matter. The matter, concerning which an examination is desired, and which is objected to, is not in the nature of an affirmative defense. " An affirmative defense is a plea interposed as a basis for proving some new fact." (*Smith Contracting Co.* v. *City of New York*, 70 Misc. 132, 134.) " An affirmative defense cannot consist of denials at all, and never could. It can, by the express words of the Code, consist only of ' new matter,' constituting a defense." (*Carter* v. *Eighth Ward Bank*, 33 Misc. 128, 131.)

The defendant is not entitled to an examination upon the matters objected to. The only purpose of an examination would be to secure a cross-examination of the plaintiff. " Whatever may be the merits of the contention that a cross-examination of one's adverse party preliminary to trial ought to be allowed, our statute has not liberalized the practice to such extent." (*Sands* v. *Comerford*, 211 App. Div. 406, 407.)

It has usually been understood that an examination of a plaintiff before trial should be confined to an affirmative defense and not to an inquiry into plaintiff's case. This rule applies to a plaintiff who is seeking an examination as to matters of affirmative defense, although the case of *Lunt* v. *240 Goodman Street South, Inc.* (232 App. Div. 717) seems to sanction an examination of a defendant by the plaintiff as to its defense.

In this instance, the matter objected to, being a part of the plaintiff's case and not a part of a " defense," the cross-examination should not be permitted under the guise of an examination before trial.

Motion granted, with ten dollars costs.

So ordered.