In the Matter of the Application of the BROADWAY AND SEVENTH AVENUE RAILROAD COMPANY, Respondent, for the Condemnation of the Leasehold Estate and Property of THE ACKER, MERRALL & CONDIT COMPANY, Appellant, Impleaded with Another.

*Condemnation of land — proper procedure — pleadings — necessity of proof of the existence of a corporation.*

Proceedings for the condemnation of land under the Condemnation Law (Code Civ. Proc. §§ 3357 *et seq.*) must be taken in court; a judge out of court has no power in respect thereto.

It is too late for the defendant in a condemnation proceeding to raise for the first time on appeal the objection that the Special Term erred in compelling him to answer the petition in five days and in setting the proceeding down for trial before an issue had been joined, where the defendant went on with the trial without dissent and took the chances of a decision in his favor without giving notice of any such objection.

Allegations in a petition for the condemnation of land by a street surface railroad corporation, that the premises occupied by the petitioner are inadequate for the carrying on of its corporate business and that with the addition of the property sought to be condemned the premises would be adequate and sufficient, constitute a sufficient showing of the necessity of its acquisition for the use of the corporation, under the requirements of the Condemnation Law.

The provision of section 1776 of the Code of Civil Procedure, that "In an action brought by or against a corporation the plaintiff need not prove upon the trial, the existence of the corporation, unless the answer is verified and contains an affirmative allegation that the plaintiff or the defendant, as the case may be, is not a corporation," has no application to a proceeding instituted by a corporation for the condemnation of land; but, by force of section 3365 of the Code, an answer in such a proceeding which contains a denial of any knowledge or information by the defendant sufficient to form a belief as to the allegation of the petition in regard to the petitioner being a corporation, raises an issue which the petitioner must meet by proof.

The issue as to the existence of the petitioner as a *de jure* corporation, so raised by the answer, is not to be deemed waived by the mere admission by the defendant on the trial that the officers of the petitioner were as stated in the petition.

APPEAL by the defendant, the Acker, Merrall & Condit Company, from an order entered in the office of the clerk of the city and county of New York on the 23d of June, 1893, overruling objections of the Acker, Merrall & Condit Company to the petition herein, and allowing the plaintiff to amend the petition herein, and directing the defendant to answer in five days; also, an appeal from an order entered on said twenty-third of June, setting down for trial on June

twenty-ninth the issues raised by the amended petition, and the answer thereto; also, an appeal from an order entered on the 30th day of June, 1893, appointing commissioners to appraise the property sought to be condemned.

*H. G. Atwater*, for the appellant.

*J. Chandler*, for the respondent.

VAN BRUNT, P. J.:

This proceeding was brought under the Condemnation Act to condemn for the use of the plaintiff the leasehold interest of the Acker, Merrall & Condit Company in certain real estate known as Nos. 155 and 157 West Fiftieth street, New York city.

The petition was presented on the 7th of June, 1893, and the Acker, Merrall & Condit Company appeared and filed objections to the petition, upon the ground that it did not state any facts showing the necessity for the acquisition by the plaintiff of the property sought to be taken for the purposes of the corporation, or for any public use. These objections were overruled, and before anything further was done the plaintiff applied for leave to amend the proceedings by adding the Metropolitan Traction Company as a party defendant.

On the twenty-third of June an order was entered upon this motion allowing the amendment, and directing the Acker, Merrall & Condit Company to serve its answer to the amended petition on June twenty-eighth. On the same day a separate order was made setting down the issues raised by the petition for trial on the 29th of June, 1893. The trial was had before Mr. Justice INGRAHAM on said twenty-ninth of June, and was concluded the same day. A decision was made and the order appointing commissioners entered on the same day.

It is urged upon the part of the appellant that the answer to the petition denied and put in issue nearly all the material allegations of the petition, and that on the trial no proof was given of many of the allegations so denied; and, also, that at the time of the commencement of this proceeding other proceedings had been pending, and that no documentary evidence was offered by the petitioners except an order dismissing and discontinuing the former proceed-

ings, and that only a few witnesses were examined, some of whom testified as to certain negotiations had by the plaintiff with the defendant as to the purchase of the property, and one of whom gave some slight evidence that the property sought to be condemned was needed for storing cars, etc.

The point is also raised that the learned justice, although holding a Special Term on the 13th of June, 1893, the day on which the order was returnable, on the twenty-third of June, when the order to show cause was disposed of, was not sitting in court; neither was he so sitting on the twenty-ninth of June, the date of the trial, and that, therefore, the order of June twenty-third, although it appears to have been made at Special Term, was in point of fact not a Special Term order, but a judge's order, and that the trial was had before a judge and not before the court.

It is undoubtedly true that proceedings for the condemnation of land must be taken before the court and not before a judge.

Section 3360 provides for the institution of the proceedings by the presentation of a petition by the plaintiff to the Supreme Court. And section 3367 provides that the court shall try any issue raised by the petition and answer at such time and place as it may direct, or it may order the same to be referred to a referee to hear and determine, etc. Thus showing that whatever proceedings are taken must be taken in court, and that a judge out of court has no power in respect to the same. But in the record presented to us there is no evidence whatever that Mr. Justice INGRAHAM was not holding a Special Term of the Supreme Court at the time he made the order complained of, and also when he tried the issues. There seems, therefore, to be no ground whatever for this objection.

It is further urged that the court erred in compelling the defendant to answer the petition in five days, and in setting down the issues for trial before an issue had been joined. But the difficulty about this objection, raised for the first time upon this appeal, is that the appellant went on and tried the issues without objection, submitted itself to the jurisdiction of the court, took the chances of a decision in its favor, and now that it is beaten claims that the court exceeded its power in compelling it to go on with the trial when it did, when it does not appear from the record presented that there was any

compulsion about it, but that the appellant went to trial willingly and without dissent.

If the appellant had raised this objection at the proper time there might have been serious question as to the regularity of the proceeding, but not having in any way dissented from the action of the court, but having gone on with the trial as already stated, and taken the chances of a favorable decision without notice of any such objection, it is too late now to raise the same.

It is further urged that the petition disclosed no facts showing the necessity of the acquisition by the plaintiff of the property sought to be condemned. It seems to be conceded that under the old Railroad Act of 1850 the allegations of the petition were amply sufficient. But it is urged that in consequence of differences existing in the provisions of the present Condemnation Act, the petition herein was not sufficient to confer jurisdiction, in this, that the petition did not set forth with the certainty required by the act, the public use for which the property was required and a concise statement of the facts showing the necessity of its acquisition for such use.

This objection, it does not seem to us, is well founded. The allegation in the petition is that it now owns the whole block, with the exception of the property in question, and which "is now used by it for, and is necessary and convenient for its stables, offices, power houses, stations and buildings, and for its corporate business, machinery and fixtures, and for the accommodation and use of its machinery and passengers, freight and business, and the operation of its said cable line of railroad. That said real property so owned and used by plaintiff, petitioner as aforesaid, is inadequate and insufficient for the uses aforesaid, and for the accommodation and use of its machinery, passengers, freight and business, and for its corporate purposes now and as a cable railroad; but that, with the addition of the property sought to be condemned, it would be for the present adequate and sufficient for plaintiff's said uses. That the particular lot described, and which is sought to be condemned, is the only lot in said parcel or square of which the petitioner has not possession, and that the necessities and convenience of transacting its business for the benefit of the public require that it shall have possession of the entire parcel."

It will be seen that the requirements of the statute are complied

with. The facts which show the necessity of its acquisition for the use of the plaintiff are that the premises now occupied by them are inadequate for the carrying on of its corporate business, and that with the addition of the property sought to be condemned the property would be adequate and sufficient. Therefore, the necessity for the acquisition is the want of present accommodation and the fact that by the acquisition such accommodations will be afforded. These are all the facts necessary to appear to show the necessity of acquisition. It certainly was not the intention that the petitioner should be required to spread out a *detailed* statement of all the uses to which the property was intended to be applied; but simply to apprise the court and the persons against whom they were proceeding of the facts upon which they claimed to exercise the right of eminent domain.

It is further urged that the plaintiff did not prove that it was a corporation *de jure*, or that it had any right to acquire real estate for its use. The allegations of the petition are that the plaintiff petitioner is a street surface railroad corporation organized and existing as such under and by virtue of the laws of the State of New York; "that as such corporation aforesaid, it is authorized by law, in addition to the real property owned by it, to acquire and hold title to the real property hereinafter described for its use, by condemnation. That the object, corporate right and purpose of petitioner is to own a street surface railroad, and the appurtenances and lands necessary and convenient for operating the same for a public use."

The answer of the defendant denies that it has any knowledge or information sufficient to form a belief as to any of the said allegations. On the trial no evidence of any kind was introduced to show that the plaintiff was a corporation *de jure*.

It is urged upon the part of the respondent that this is not necessary, because of the provision of section 1776 of the Code, which declares that "in an action brought by or against a corporation, the plaintiff need not prove, upon the trial, the existence of the corporation, unless the answer is verified, and contains an affirmative allegation that the plaintiff or the defendant, as the case may be, is not a corporation."

And our attention is called to the case of *In re N. Y., L. & W. Ry. Co.* (99 N. Y. 12). The facts in that case were that it was

claimed that the railroad company had not legally established its corporate existence. In its petition, by which the proceeding was initiated, and which was verified, the due incorporation of the company was affirmatively alleged. The counter affidavit of the owner did not deny the allegation of the petition in that respect, but simply stated that such owner had no knowledge or information sufficient to form a belief upon the subject. And the court held that treating the answer simply as an affidavit, it failed to contradict the positive averment of the petition, and results only in saying that the affiant did not know, and had not learned whether the sworn assertion of the petitioner was true or not, which was clearly insufficient in an affidavit. And the court held that if there was nothing in the case but the two affidavits touching the question of corporate existence, the court would be justified in acting upon the affirmative averment of the one not effectively disputed by the other. It is then suggested that if these affidavits ought to be treated as pleadings, and assimilate the proceedings to an action, as had been done in the case of *The Rensselaer & Saratoga Ry. Co.* v. *Davis* (55 N. Y. 145), even then the result is not changed. Treated as an answer, there is no sufficient contradiction of the petitioner's pleading viewed as a complaint; for the Code provides, reproducing the amendatory act of 1875, that the corporation need not prove its existence unless the answer is verified and contains an affirmative allegation that the plaintiff is not a corporation, so that in either aspect of the proceeding the issue of corporate existence was not raised, and the court was entitled to proceed upon the uncontradicted assertion of the moving petition.

If, therefore, this provision of the Code is to apply as to the fact of incorporation, no issue was raised by the averment of want of knowledge or information sufficient to form a belief. But upon an examination of section 3365, it seems to us it will be seen that section 1776 cannot apply to these proceedings, because by that section it is expressly provided what an answer is to contain, and how an issue is to be raised. It says : "Upon presentation of the petition and notice with proof of service thereof, an owner of the property may appear and interpose an answer which,

" Must contain a general or specific denial of each material allegation of the petition controverted by him, or of any knowledge or information thereof sufficient to form a belief."

Now, it is clear that it was the intention of this section that where a denial is made in the form prescribed the right to proceed must be established by proof. And it is apparent when we consider the nature of these proceedings, why this difference between pleadings in an action and pleadings in these proceedings should be made. In ordinary civil actions a *de facto* corporation may recover. In actions for the condemnation of real property a *de facto* corporation, unless it is able to prove that it is also a *de jure* corporation, cannot succeed. And, therefore, it was intended by the denial of want of knowledge or information as to corporate existence, to put the corporation to proof of its right to take the property of another, for its purposes, against his will. It was not intended to leave the question as it had been left by the decisions which existed at the time of the passage of this section.

It was intended plainly to introduce a new system, and to provide what the pleadings should contain, and how issues should be raised. It seems to us, therefore, that the provisions of section 1776 have no application, and that an answer in the form prescribed by section 3365 raises an issue, and the corporation seeking to proceed must meet it by proof.

It is urged, however, by the respondent that by the admissions contained in the record as to the plaintiff's officers, the appellant waived the averments of its answer. The question was asked by the court : "State who are the officers of the Broadway and Seventh Avenue Railroad Company," and the defendant's counsel admitted that the officers were as stated in the petition. But that admission would apply to a *de facto* as well as to a *de jure* corporation, and it was not the intention to waive the averments contained in the answer, and was not so understood.

It would seem, therefore, that without proof of the allegation in the petition to which reference has been made, the plaintiff cannot succeed in these proceedings.

The order appointing the commissioners should be reversed, with costs, and a new trial had of the issues involved.

FOLLETT and PARKER, JJ., concurred.

Order appointing the commissioners reversed, with costs, and a new trial had of the issues involved.