THE CITY OF SYRACUSE, Respondent, *v.* SIDNEY L. BENEDICT and Another, Appellants, Impleaded with Others.

*Eminent domain — purposes for which land can be condemned under chapter* 291 *of* 1889, *as amended by chapter* 314 *of* 1890 — *issues raised by an answer — section* 3357 *et seq. of the Code of Civil Procedure — when separate bills of costs will not be allowed the petitioner.*

In proceedings taken by the city of Syracuse under the provisions of chapter 291 of the Laws of 1889, as amended by chapter 314 of the Laws of 1890, it was held upon the trial of the issues "that the plaintiff is entitled in this proceeding to acquire and condemn the right to lay, maintain, operate and repair within the limits of the property acquired for the purpose, not merely the one thirty-inch conduit pipe specified in the statute and referred to in the petition, but also the right to lay, maintain, operate and repair within said limits such other conduit pipe or pipes as from time to time the public use of said city hereinbefore referred to may require, and as the city may at any time be entitled to construct and lay."

In the judgment entered on the decision it was adjudged that the plaintiff was entitled to condemn and acquire "the right to lay, relay, maintain and repair thereon such water pipe or pipes as shall be necessary or proper for the pur-

pose of conveying water from Skaneateles lake to said city, and to make such excavations and perform such other work thereon as may be necessary in the laying of said conduit pipe or pipes, and for its future care and maintenance."

*Held,* that the trial court erred in holding that the city had the right to lay any other pipe or pipes than the one mentioned in the statute;

That the grant from the State was limited to the water that could be conducted through the one specified pipe, and no greater right was given, however much the city might in the future need it;

That the right of eminent domain could only be invoked by the city to utilize the grant from the State as in fact made; and that it could not be assumed that the State would ever increase the grant;

That in order to justify its condemnation the proposed use of the land of the owner must be clearly embraced within the legitimate object of the power conferred by the State.

In an action brought by the city of Syracuse under the provisions of chapter 291 of the Laws of 1889, as amended by chapter 314 of the Laws of 1890, it was found by the Special Term as a matter of fact that the petitioner attempted to acquire by purchase from certain persons the property or rights sought to be obtained, but had been unable to agree with them; such allegation was contained in the petition, but was denied by the answer, and there was no proof that sustained the finding.

*Held,* that the finding was erroneous, as the burden rested upon the petitioner to prove the allegation.

Condemnation proceedings instituted in aid of the provisions of chapter 291 of the Laws of 1889, as amended by chapter 314 of the Laws of 1890, are to be governed by section 3357 *et seq.* of the Code of Civil Procedure, and in such proceedings the issues are to be formed and tried as in ordinary actions. The answer in the form prescribed by section 3365 of the Code raises an issue, and a corporation seeking to proceed must meet it by proof.

Separate bills of costs should not be allowed in condemnation proceedings to the petitioner against two persons answering where it was alleged in the petition that such persons were co-partners, and owned the premises sought to be condemned as such, if such is found in the decision to be the fact.

APPEAL by the defendants, Sidney L. Benedict and another, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Onondaga on the 2d day of May, 1893, confirming the report and appraisal of commissioners appointed in condemnation proceedings and denying the defendants' motion to set aside the said report, with notice of an intention to bring up for review upon said appeal a judgment entered in said clerk's office on the 22d day of December, 1892, rendered after a trial at the Syracuse Special Term, adjudging that the plaintiff is entitled to the condemnation of certain property and

directing the appointment of commissioners of appraisal, and all proceedings antecedent and subsequent to said judgment.

This was a proceeding brought by the plaintiff in aid of the provisions of chapter 291 of the Laws of 1889, entitled "An act to establish and maintain a water department in and for the city of Syracuse," as amended by chapter 314 of 1890, to acquire by right of eminent domain certain property, rights and easements of twenty-eight defendants over whose lands a proposed conduit line passed from Skaneateles lake to the city of Syracuse. The petition of plaintiff is dated and verified November 21, 1892, and was presented at a Special Term of the Supreme Court at Syracuse on December 3, 1892. The appellants, Benedict and Martin, among others, put in an answer, and the issues joined were brought to trial at Special Term. Upon the decision of the court there made the judgment was entered, referred to in the notice of appeal. In pursuance of the judgment appraisers were appointed by order dated December 31, 1892. They afterwards made a report, and an order of confirmation was made on the 2d of May, 1893, which is the order appealed from.

*C. R. Milford,* for the appellants.

*W. A. Beach* and *Charles L. Stone,* for the respondent.

PER CURIAM:

1. By section 18 of the act of 1889, as amended by the act of 1890, it is provided as follows: " The Syracuse water board is hereby authorized, under the restrictions and conditions hereinafter mentioned, to take and conduct water not required for the Erie canal from Skaneateles lake to said city through a pipe or main not exceeding thirty inches in diameter, for the purpose of supplying said city and its inhabitants with water."

It was held and decided by the Special Term on the trial of the issues " that the plaintiff is entitled in this proceeding to acquire and condemn the right to lay, maintain, operate and repair within the limits of the property acquired for the purpose, not merely the one thirty-inch conduit pipe specified in the statute and referred to in the petition, but also the right to lay, maintain, operate and

repair within said limits such other conduit pipe or pipes as from time to time the public use of said city hereinbefore referred to may require, and as the city may at any time be entitled to construct and lay." In the judgment entered on the decision it was adjudged that the plaintiff was entitled to condemn and acquire " the right to lay, relay, maintain and repair thereon such water pipe or pipes as shall be necessary or proper for the purpose of conveying water from Skaneateles lake to said city, and to make such excavations and perform such other work thereon as may be necessary in the laying of said conduit pipe or pipes, and for its future care and maintenance."

We are of the opinion that the court erred in holding that the plaintiff had the right to condemn the right to lay any other pipe or pipes than the one specified in the statute. The grant from the State was limited to the water that could be conducted through the one specified pipe. No greater right was given, however much the city might in the future need it. The right of eminent domain could only be invoked by the city to utilize the grant from the State as in fact made. That was limited to the one pipe as specified, and we cannot assume that the State will ever increase the grant. The proposed use of the lands of the owner must be clearly embraced within the legitimate object of the power conferred by the State. (*Matter of Staten Island Rapid Transit Co.*, 103 N. Y. 251, 257; *Matter of Poughkeepsie Bridge Co.*, 108 id. 483; Lewis on Em. Dom. § 253 *et seq.*)

2. It was found by the Special Term, as matter of fact, that the plaintiff had attempted to acquire by purchase from the appellants the property or rights sought to be obtained, but had been unable to agree with them. There was an allegation to this effect in the petition and it was denied by the answer. There was no proof that sustained the finding, and it is erroneous unless the burden is on the appellants to disprove the allegation. This was held to be the rule in some cases under the peculiar provision of the General Railroad Act (Chap. 140, Laws of 1850, § 15), which provided that on the presentation of the petition any of the persons affected " may show cause against granting the prayer of the petition, and may disprove any of the facts alleged in it." There is, however, no such provision in the Condemnation Law (Code Civ. Proc. § 3357 *et seq.*), and

we held at this term in the case of *The City of Syracuse* v. *Stacey,*\*
that a similar proceeding under the Syracuse Water Act is to be
governed by the provisions of the Code. The proceedings (§§ 3364–
3368) are made to conform to similar proceedings in actions, and
it is quite evident that the issues are to be formed and tried as in
ordinary actions. As said in *Matter of Broadway & Seventh
Ave. R. R. Co.* (73 Hun, 13): "An answer in the form prescribed
by section 3365 raises an issue, and the corporation seeking to pro-
ceed must meet it by proof." We are of the opinion that the plain-
tiff was called on to furnish proof of its attempt to purchase and
inability to acquire.

3. In the decree and judgment it is directed that the plaintiff
recover separate bills of costs against the said defendants, Sidney L.
Benedict and Nelson Martin. In the petition it was alleged that
Benedict and Martin were co-partners and owned the premises as
such, and it is so found in the decision. The answer of Benedict
and Martin was a joint one. By section 3372 of the Code of Civil
Procedure it is provided: "If a trial has been had and all the
issues determined in favor of the plaintiff, costs of the trial shall not
be allowed to the defendant, but the plaintiff shall recover of any
defendant answering, the costs of such trial caused by the interpo-
sition of the unsuccessful defense, to be taxed by the clerk at the
same rate as is allowed to the prevailing party for the trial of an
action in the Supreme Court." Under this provision separate bills
of costs should not, we think, have been allowed against the appel-
lants. (See *Van Tine* v. *Crane,* 1 Wend. 524; 17 Am. & Eng.
Ency. of Law, 918.)

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Order appealed from reversed, with ten dollars costs and disburse-
ments, and appraisal vacated and judgment reversed, with costs of
the appeal to the appellants and a new trial ordered.

---

\* See *post,* page 441.