### In re CITIZENS' WATERWORKS CO.

(Supreme Court, Appellate Division, Second Department. June 21, 1898.)

CONDEMNATION PROCEEDINGS—PROCEDURE—SURVEY AND MAPS.

While, in a proceeding by a transportation corporation to acquire lands in invitum, an averment in a petition that it is the intention of the petitioner in good faith to complete and maintain the work or improvement for which the property is to be condemned, and that all the preliminary steps have been taken to entitle the petitioner to institute the proceeding, is sufficient, under Code Civ. Proc. § 3360, as a condition precedent to the maintenance of the proceeding, it is nevertheless necessary to establish by proof that a survey and map have been made and filed as required by section 83 of the transportation corporation law (Laws 1890, c. 566); and a failure in this respect, if duly objected to, is fatal to the proceeding.

Appeal from special term.

In the matter of the application of the Citizens' Waterworks Company, of the town of Highlands, N. Y., to acquire title to certain real estate, of which Frederick Dassori and Elisa, his wife, are the owners. From an order entered on an application for the appointment of commissioners to acquire title, and from the judgment confirming the report of commissioners, Dassori and wife appeal. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hartley G. Pelletier (F. R. Coudert, Jr., on brief), for appellants.

Walter C. Anthony, for respondent.

HATCH, J. The waterworks company instituted this proceeding by petition, and the owners of the land resisted the application upon several grounds. The right to take lands against the will of the owner is conferred upon the company by virtue of the provisions of the transportation corporation law (Laws 1890, c. 566). It has long been settled that in the exercise of this power every statutory condition precedent to the taking must be strictly complied with. Craig v. Town of Andes, 93 N. Y. 405; In re Boston, H. T. & W. Ry. Co., 79 N. Y. 69. By section 83 of the above-mentioned law it is provided:

"Before entering upon, taking or using any land, for the purposes of its incorporation such corporation shall cause a survey and map to be made of the lands intended to be taken or entered upon, by and on which the land of each owner or occupant shall be designated, which map shall be signed by the president and secretary, and filed in office of the county clerk of the county in which such lands are situated."

It is also settled that the requirement provided by this section must be complied with. In re New York & B. R. Co., 62 Barb. 85; In re Niagara Falls & W. Ry. Co., 46 Hun, 94. The petition by which the proceeding was instituted in compliance with the requirements of the law avers, in general terms:

"That it is the intention of your petitioner in good faith to complete and maintain the work or improvement for which the property is to be condemned, and that all the preliminary steps have been taken to entitle petitioner to institute this proceeding."

There is no specific allegation contained in the petition that the survey and map required by section 83 have been made and filed in the office of the county clerk of the county in which such lands are situated. The pleader assumed that such averment was sufficient as a condition precedent, as he adopted the language of subdivision 7 of section 3360 of the Code; and in this assumption he was correct. Railway Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008. The petition in this respect must therefore be sustained. The landowners, however, by answer, put in issue this fact as averred in the petition, and it therefore became incumbent upon the petitioner to sustain such allegation by proof of the fact. We have searched this record in vain to find any proof whatever given upon such subject. At the close of the petitioner's proof the landowners moved to dismiss the petition upon the ground:

"That it has not been shown that the proper maps and surveys required by the statute, as prescribed for the condemnation of lands, have been filed with the proper officers, according to the terms of the statute in that regard."

This motion was denied, and an exception was taken. The court determined the issues in favor of the petitioner, and decided, as matter of law, that the petitioner was entitled to take by condemnation the lands and easements described in his petition. To the findings of the court and the conclusion of law the appellants excepted. Sub-

sequently commissioners were appointed, who proceeded to view the premises and take proof, and thereafter made a report therein fixing the amount of compensation to which the landowners were entitled; and upon motion the report was confirmed, and final judgment was entered. It is quite apparent, therefore, that the condition precedent for which the statute has provided was not, in respect of the filing of the map and survey, complied with. Under the authorities already cited, it is clear that such failure of proof entitled the landowners to a dismissal of the proceedings. They raised their objection in due time, and took proper exceptions, both upon the hearing, and to the determination of the court.

It follows, therefore, that the order and judgment appealed from should be reversed, with costs of this appeal to the appellants; and as the petitioner was awarded costs against the appellants in the final judgment which was entered, based upon the ground that all the issues had been determined in favor of the petitioner, and as it now appears that they should have succeeded upon such issue, they should be awarded the costs of the hearing, in the same measure as are awarded to the petitioner in the final judgment. All concur.

Judgment and final order reversed, with costs of this appeal and the original proceeding to the appellants, and a new trial granted.