ALLEN v. NATIONAL SURETY CO.

(Supreme Court, Appellate Division, First Department.  May 5, 1911.)

1. PLEADING (§ 121*)—ANSWER—DENIAL—INFORMATION AND BELIEF—SUFFICIENCY.
    Denial of knowledge or information sufficient to form a belief is insufficient as to matters of public record pleaded in a complaint.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 245–248; Dec. Dig. § 121.*]

2. APPEAL AND ERROR (§ 1227*)—APPEAL BOND—DEATH OF PRINCIPAL—NOTIFICATION OF SURETY—NECESSITY.
    The obligee in an appeal bond is not required to notify the surety of the principal's death, even where such death affords opportunity for application by the surety for discharge from future obligation.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4736–4748; Dec. Dig. § 1227.*]

3. APPEAL AND ERROR (§ 1227*)—APPEAL BOND—DISCHARGE OF SURETY—STATUTORY PROVISIONS—SCOPE.
    Code Civ. Proc. § 812, permitting the surety of a trustee, or other fiduciary, to apply for cancellation of the undertaking as to future obligations, does not apply to a surety on appeal.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4736–4748; Dec. Dig. § 1227.*]

Appeal from Special Term, New York County.
Action by Willard S. Allen against National Surety Company. From an order denying judgment upon the pleadings, plaintiff appeals. Reversed, and motion granted.
Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

James A. Allen, for appellant.
Chilton Devereux, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

SCOTT, J. Appeal from an order deny ̇ ̇g plaintiff's motion for judgment upon the pleadings. The plaintiff obtained a judgment against one Jacob Fromme, who, feeling aggrieved thereby, appealed to this court. To stay execution the defendant gave an undertaking in the usual form for the payment of plaintiff's costs upon appeal, and for the payment of the judgment appealed from, in case it should be affirmed, or the appeal dismissed. The judgment was affirmed. Pending the appeal Jacob Fromme died, and Adele Fromme was duly appointed and qualified as his executrix, and the action was revived against her as executrix. The complaint states all the necessary facts to establish a complete cause of action, every one of which is a matter of public record in the office of the county clerk or of the surrogate of the county of New York.

[1] The defendant denies, en bloc, all the allegations of the complaint, except the original recovery of the judgment and the execution of the undertaking, by the assertion that it "denies that it has any knowledge or information sufficient to form a belief" as to the allegations set forth in paragraphs 6 to 15, inclusive. This form of denial, when all the facts denied are matters of public record, has been so often condemned as frivolous, and insufficient to raise any issue, that it is surprising to find counsel at this day who are willing to attempt to justify it with apparent seriousness. If the defendant has no knowledge or information upon the subject, it can only be because it has willfully abstained from making the very slight investigation which would at once remedy its lack of knowledge. To interpose such an answer in such a case is a clear evasion. Rochkind v. Perlman, 123 App. Div. 808, 108 N. Y. Supp. 224, 1151; City of New York v. Matthews, 180 N. Y. 41, 72 N. E. 629.

[2] The defendant also interposes a separate defense to the effect that it was "never notified of the alleged death of the said Jacob Fromme, and never was given an opportunity to avail itself of the provisions of law allowing it to apply to a court of competent jurisdiction to be relieved from its alleged obligation under any such alleged undertaking, nor to protect itself against any such alleged obligation by requiring adequate remedy or security from the alleged representative or estate of the said Jacob Fromme, alleged to be deceased." It is not apparent upon what theory this allegation is interposed as a defense, and the learned counsel for the defendant has not suggested any such theory. It certainly was not the duty of the appellant to notify the surety of the death of its principal, and it is not apparent, nor is it alleged, that defendant lost anything by reason of not having been so notified.

[3] Presumably the allegation as to affording the defendant an opportunity to apply to be relieved from its obligation has reference to section 812, Code Civil Procedure, which permits the surety of a "trustee, committee, guardian, assignee, receiver, executor, administrator or other fiduciary" to apply for a cancellation of the undertaking so far as relates to future obligations. This provision does not apply to a surety on appeal whose principal is not one of the persons enumerated or a "fiduciary" in any sense. It is obvious that the so-

called separate defense is no defense at all. The plaintiff is therefore entitled to judgment upon the pleadings, and his motion for that relief should have been granted.

Order appealed from reversed, with $10 costs and disbursements, and motion for judgment granted, with $10 costs. All concur.