OLD HOMESTEAD WATER COMPANY, Respondent, *v.* G. HARRY TREYZ and WILLIAM H. TREYZ, Appellants.

Third Department, July 6, 1922.

**Eminent domain — proceeding by water company against lower riparian owners to acquire right to divert waters of stream — judgment in action enjoining petitioner from taking such waters not res judicata in this proceeding — finding of necessity for public use sustained by evidence — railroad company requiring water properly considered as inhabitant — petitioner failed to file map as required by Transportation Corporations Law, § 83 — such filing jurisdictional requisite — defect properly raised by general denial under provisions of Code of Civil Procedure, § 3365, now Condemnation Law, § 9 — petition dismissed.**

In a proceeding by a water company against lower riparian owners to acquire by condemnation the right to divert the waters of a running stream, a judgment in an action previously brought by the defendants in the proceeding against the petitioner therein, whereby the petitioner was enjoined from taking such waters, is not *res judicata.*

In such proceeding the referee, on the question of public necessity, properly considered a railroad company which used water, as an inhabitant, and the finding of public necessity was sustained by the evidence, especially in view of the fact that the referee limited the petitioner to the use of only so much water as was a surplus over that required by the defendants.

However, the failure of the petitioner to file the map required by section 83 of the Transportation Corporations Law was a jurisdictional defect, as the requirement of that section is mandatory, and the question was properly raised in the answer to the petition by a general denial under the special provisions of section 3365 of the Code of Civil Procedure, now section 9 of the Condemnation Law; hence, the petition must be dismissed.

App. Div. 98]        Third Department, July, 1922.

APPEAL by the defendants, G. Harry Treyz and another, from the final order of the Supreme Court, made at the Schoharie Special Term and entered in the office of the clerk of the county of Sullivan on the 7th day of November, 1921, confirming the report of the commissioners in a proceeding for the condemnation of realty, with notice of intention to bring up for review the judgment of condemnation in the proceeding, entered in said clerk's office on the 8th day of April, 1921, as modified by an order entered in said clerk's office on the 8th day of August, 1921, together with the proceedings antecedent thereto.

*Jenkins, Deyo & Hitchcock* [*C. H. Hitchcock* of counsel], for the appellants.

*A. G. Patterson,* for the respondent.

KILEY, J.:

The petitioner is a duly incorporated water company having its works and place of business at Livingston Manor, Sullivan county, N. Y. At all times of importance to the decision on this appeal it was supplying the people of Livingston Manor with water for domestic purposes, and had a contract to furnish and was furnishing water from its system for fire protection; at all times herein referred to it maintained mains through the various streets of said village and hydrants from which the water was taken in case of fire. Its source of supply is a reservoir on the Houghtaling branch of the Cat Tail creek which runs in a northerly and southerly direction, the stream running southerly. The supply was and is decreasing from various causes, the principal of which, from the evidence, seems to be the clearing off of the forests in that vicinity. The petitioner, desiring to increase its water supply, acquired by condemnation and purchase riparian rights on said creek. The defendants are lower riparian owners on said Cat Tail creek and have and operate an acid factory with water from said creek. This factory is on the main body of the creek below the junction of the Houghtaling branch with the main body. Petitioner made an effort to procure the right to convert the surplus waters of said creek to store for use in its system by purchase from the defendants, seeking only such water as the defendants did not need to operate their factory. Such effort was unsuccessful. On June 5, 1916, petitioner executed its petition to the Supreme Court in and by which it set forth its obligations as a water corporation and by contract to supply water to the inhabitants of Livingston Manor, and that such supply was required for the public use aforesaid. Said water or source sought to be condemned is described in the petition as follows:

" The right to divert the waters of the stream known as Cat Tail Brook and its tributaries in the Towns of Rockland, Liberty and Callicoon, in the County of Sullivan, N. Y., or so much thereof as may be necessary for the purpose of supplying the water system of the plaintiff with water for the purposes of its corporate franchises. Said water to be diverted in such a manner and at such times as will best conserve the purposes of said corporation in furnishing potable water to the inhabitants of Livingston Manor and furnishing pressure for fire protection through the hydrants of said company to the Village of Livingston Manor, except that there shall be allowed to pass along said stream at all times two thousand cubic feet of water per hour when the flow of the stream equals or exceeds said amount." It was further alleged " that all the preliminary steps required by law have been taken to entitle it to institute the proceedings," and further: " That annexed hereto and marked exhibit A is a map of the water shed of the Cat Tail Brook and its tributaries and the location of defendant's land, whose right to the flow of said stream is sought to be condemned." On the 16th day of June, 1916, the defendants prepared their answer to said petition, in and by which they admit the incorporation of the petitioner, its purpose and location, and deny that the public interest requires the condemnation sought, or that the stream in question is the most available source of supply. They further deny that the petitioner, in good faith, endeavored to agree with them for the purchase of said rights or that they offered an adequate price therefor, and further deny as follows: " The defendants further deny that they have knowledge or information sufficient to form a belief as to all and singular the matters alleged in the petition not hereinbefore admitted or denied." The balance of said answer commencing with paragraph 2 contains matters alleged as an affirmative defense. Such proceedings were thereafter had that Hon. George F. Andrews of Owego, N. Y., was appointed a referee to hear and determine the issues presented by the petition and answer. After hearings upon which the evidence seems to have been fully developed and given, the referee found the facts in favor of petitioner and as a conclusion of law found that the public uses required the acquisition of the water sought to be condemned as asked for in the petition, and that commissioners be appointed to appraise said rights and ascertain the compensation to be paid to the defendants therefor. This was done. Defendants appealed from the final order and the judgment of condemnation and the proceedings antecedent thereto. It is announced in appellants' brief that the consideration on appeal to this court is limited as follows: " No question is raised upon

this appeal over the proceedings subsequent to the judgment, or the award or its amount, except as they are founded upon a judgment which the appellants believe was unwarranted by the law and the facts. The questions brought up on the appeal are raised by the exceptions upon the trial before the referee, and upon the exceptions taken and filed to his findings and conclusions." A careful study of this long record discloses but one suggestion and three questions that call for attention: The suggestion is that an action brought by the defendants in 1915 in which petitioner was enjoined from taking water from Cat Tail creek, is *res adjudicata* as between the parties to this proceeding; that judgment was founded upon the absence of right to take the waters while this proceeding is to acquire that right, which could not be tried out in an action for an injunction, and it was properly found by the referee that it was not a bar to this proceeding. The next question, the one of necesssity for public use; there is evidence to sustain the referee's finding in that regard, but the appellant urges as a third proposition that in reaching his conclusion the referee improperly considered the New York, Ontario and Western Railroad Company as an inhabitant. Inhabitant and resident are synonymous terms. (Webster's Dictionary). In *Poland* v. *United Traction Co.* (88 App. Div. 281) the court says: " But it seems also to be settled that, in the case of a railroad company, its place of residence must be ascertained by its place of business, and, if it have several places of business, it must also be deemed to have several places of residence." That case was affirmed in the Court of Appeals (177 N. Y. 557), on the opinion of the Appellate Division. It would be a too narrow construction to hold otherwise in this case, especially in view of the limitation of the use of the water provided by the referee in his twenty-first finding of fact. After finding that petitioner was entitled to the surplus waters he says: " except there should be allowed to pass down along said stream to defendants' premises at all times, such quantities of water as defendants may now or at any time hereafter require, in the operation of their factory as far as the flow of the stream will suffice such amount." The petitioner has acquired riparian rights on the stream above the defendants' premises and the judgment herein simply gives it the right to store surplus water, which from the evidence appears to exist at high water and freshets to an extent several times greater than defendants can use. The next and last question I deem of importance arises under the pleadings and the proof. The appellant contends, first, that the petitioner has not shown that all the preliminary steps were taken to authorize the instituting of the proceedings as required by

section 4, subdivision 7, of the Condemnation Law, which re-enacted section 3360, subdivision 7, of the Code of Civil Procedure, then popularly known as the Condemnation Law. The petition, in that regard, is in the language of said subdivision. The proof is complete except in one particular, viz., the requirement of *section 83* of the Transportation Corporations Law, which reads as follows: " Before entering upon, taking or using any land, for the purposes of its incorporation such corporation shall cause a survey and map to be made of the lands intended to be taken or entered upon, by and on which the land of each owner or occupant shall be designated, which map shall be signed by the president and secretary, and filed in the office of the county clerk of the county in which such lands are situated." It is conceded by the appellants that the question is not raised except by a general denial contained in the answer; it is not specifically alleged in the petition and is claimed to be covered by the general allegation that all requirements of the law have been complied with. Section 83, aforesaid, is found in that portion of the Transportation Corporations Law dealing with water-works corporations. The question of the failure to file the map was raised before the referee, and it was urged by petitioner that, as it sought only the right to intercept and divert water through a pipe line, not over or through defendants' lands, but far above any owned by them, the filing of a map could serve no useful purpose. The referee held upon that question as follows (see his opinion): " but in the *Village of Champlain* v. *McCrea* (165 N. Y. 264) it seems to be assumed that the filing of a map is necessary where the proceeding is to condemn the right to divert water." To the same effect is *Pocantico W. W. Co.* v. *Bird* (130 N. Y. 249); *City of Rome* v. *Whitestown Water Works Co.* (113 App. Div. 547; affd., 187 N. Y. 542). By the eleventh finding of fact the referee found as follows: " That the necessary preliminary steps have been taken to entitle the Old Homestead Water Company to institute this proceeding." Defendants duly excepted to this finding of fact, and asked the referee to find that petitioner had not filed the map required by section 83 of the Transportation Corporations Law aforesaid, which was refused. I find no evidence that warrants the finding made in behalf of the petitioner and refusing the request to find made by the defendants. Exceptions were duly taken to all findings made by the referee in favor of the petitioner where they were adverse to the defendants. Under the holding in *Matter of Citizens' Water Works Co.* (32 App. Div. 54) the judgment and order must be reversed unless the appellants failed to properly raise the question in the first instance. The referee held that the general denial contained

in defendants' answer and hereinbefore quoted in full did not raise
the question.  I do not find that the question was raised at the
opening or close of the trial, and, therefore, it must be regarded
from the standpoint of jurisdiction.  Was it a necessary pre-
requisite to the maintenance of the proceeding?  Can the question
be raised under a general denial?  In *City of New York* v. *Matthews*
(180 N. Y. 41) it was held that the question of lack of jurisdiction
must be specifically raised.  In *Allen* v. *National Surety Co.*
(144 App. Div. 509) the court says a denial upon information
and belief as to matters of public record is frivolous.  It may
be said here that the map was not on record in the clerk's office.
Query, was not its absence also a matter of public record?
Appellant's counsel states his position so clearly and fairly in
his brief that I feel constrained to quote it.  " It is probably
true that, under the Code provisions regulating pleadings, such a
denial would have been insufficient to raise the issue, under the
authorities cited by the learned referee; but the special provisions
regarding pleading contained in the Condemnation Law are properly
held to control over the Code provisions governing civil actions
generally."  Section 500 of the Code, covering defendants' pleading
generally, and section 261 of the Civil Practice Act are the same, so
far as the question here is affected, as section 3365 of the Code of
Civil Procedure, now section 9 of the Condemnation Law, and so
far as what the answer shall contain they are the same.  *Matter
of Citizens' Water Works Co.* (32 App. Div. 54), cited by appellant,
differs upon the point under consideration here because in that pro-
ceeding the question was raised upon the trial; motion to dismiss
was made at the close of the petitioner's evidence and denied.
In *Matter of Broadway & Seventh Ave. R. R. Co.* (73 Hun, 7) land
was sought to be condemned for corporate purposes; it was held,
under an answer in the form of section 3365 of the Code of Civil
Procedure, that the petitioner must affirmatively prove its incor-
poration *de jure*, thus showing its right to take property.  Here the
incorporation of the petitioner was proved, or at least appeared.  In
*City of Syracuse* v. *Benedict* (86 Hun, 343) it was held to the same
effect as 73 Hun, 7, that an answer in the form prescribed by sec-
tion 3365 of the Code of Civil Procedure raises an issue and " that
the plaintiff was called on to furnish proof of its attempt to pur-
chase and inability to acquire."  In *Rochester R. Co.* v. *Robinson*
(133 N. Y. 242, 245) the court says: " If the defendant has knowl-
edge that any preliminary step required has not been taken, he can,
under section 3365, put the allegation in issue by a specific denial
or by including it in a general denial of all the averments of the
petition, or if he has no knowledge or information sufficient to form

a belief upon the subject, by a denial in that form, and thus compel the plaintiff to make proof of compliance with all the statutory requirements or fail in the proceeding." It may appear that this decision conflicts with the holding in 180 New York, 41 (*supra*). It should be noted that the question therein involved arose out of a civil action, the answer in which was governed by section 500 of the Code of Civil Procedure, and while the phraseology is the same as section 3365 of the Code of Civil Procedure, now section 9 of the Condemnation Law, there is a distinction made between them, or proceedings conducted under them, by the courts. *Long Island R. R. Co.* v. *Jones* (151 App. Div. 407) holds that a denial of any knowledge or information sufficient to form a belief as to incorporation did not raise an issue, but it was put on the ground that the answer did not comply with section 1776 of the Code of Civil Procedure. I find no case that disturbs the rule laid down in 133 New York (*supra*). The weight of the authorities involving the construction of section 3365 of the Code of Civil Procedure, now section 9 of the Condemnation Law, and of section 83 of the Transportation Corporations Law is against the contention of respondent. No reason is given for the failure to file the map, a copy of which was served with the petition. The requirement of section 83 (*supra*) is mandatory. Having failed in this particular the proceedings cannot be maintained.

The facts and the equities are with the petitioner, but the law is against it and must prevail.

The judgment and order should be reversed, the appraisal set aside and the petition dismissed, with costs.

All concur; HINMAN, J., not sitting.

Final order and judgment reversed, appraisal set aside and petition dismissed, with costs.