GEORGE VON SEEBECK and Another, Plaintiffs, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, New York County, July 2, 1935.

*Garey & Garey* [*Eugene L. Garey, Milton I. Hauser* and *William Helfer* of counsel], and *White & Case* [*Chester Bordeau* of counsel], for the plaintiffs, for the motion.

*Paul Windels, Corporation Counsel* [*R. C. Rand* and *Sherman S. Rogers* of counsel], opposed.

McGOLDRICK, J.    Plaintiffs move for an order striking out certain denials and the three affirmative defenses contained in the amended answer of the city, and for judgment on the pleadings.

The material allegations of the complaint may be briefly summarized:

On August 2, 1932, General Foods Corporation commenced an action in interpleader against these plaintiffs alleging that they

claimed the sum of $89,155 held by it. On that date an order was entered directing the deposit of such sum with the chamberlain to the credit of the action, subject to the order of the court.

On August 3, 1932, it was so deposited.

Thereafter, plaintiffs settled their respective claims to these moneys, and, on December 20, 1934, an order was entered upon due notice to the chamberlain, directing the payment thereof (less lawful fees) to the plaintiffs in the proportions set forth therein. No appeal was taken from such order.

The order directing such payment was served upon the chamberlain on January 19, 1935, and pursuant thereto the chamberlain paid the plaintiffs the aggregate sum of $63,355 of principal, plus interest and less his fees, leaving a balance due of $25,800, with interest. Demand for payment of the balance has been made and refused.

Subsequently plaintiffs' claim and demand was duly filed with the comptroller as prescribed by the Greater New York Charter. More than thirty days have elapsed since the filing of such claim, but the city has failed and refused to make any payment, settlement or adjustment thereof.

Plaintiffs demand judgment for the unpaid balance, asserting that by reason of the foregoing they have suffered a loss thereof for which the city is statutorily liable.

By stipulation it was consented that the court should here consider the city's amended answer in the place of the original, and determine the motion as if it were directed against the amended answer.

The city urges as a defense to the action: That the chamberlain has invested the sum of $25,800 by purchasing an undivided share in a first mortgage of $30,000 (in which the chamberlain was the then mortgagee), and that its tender of such interest in such mortgage, which was refused, terminated its obligation to the plaintiffs, even though the city affirmatively alleges that the mortgage is not worth its face value; and that the statute relied upon is unconstitutional in that it provides for the taking of public moneys belonging to the city without due process of law and for the application of public funds to private purposes.

Upon the argument the city conceded that here there are no questions of fact; that its denials raised no material issue; and that there is presented only a pure question of law as to the liability of the city, which should be determined on this motion for judgment on the pleadings.

However, for present purposes the city's denials and denials of knowledge or information sufficient to form a belief as to certain

allegations of the complaint may be disregarded. (*Harley* v. *Plant*, 210 N. Y. 405; *Allen* v. *National Surety Co.*, 144 App. Div. 509; *Strong* v. *Strong*, 231 id. 428, 434.)

The statute involved provides: " The city of New York   *   *   * shall be responsible for all funds or moneys deposited with the chamberlain   *   *   * by virtue of a judgment, decree or order for any court of record in this state, and an action to recover any loss to or of such fund may be brought against the city   *   *   * by any party aggrieved." (Laws of 1908, chap. 186, as amd. by Laws of 1927, chap. 185.) There is here no exemption of liability for good faith of the chamberlain.

It is undisputed that the particular mortgage investment was made on or about September 2, 1932, by the then chamberlain of the city; and that the funds so invested were transmitted to him under a court order substantially similar to that which was recently before the Court of Appeals in *Matter of Schmidt* v. *Chamberlain of N. Y.* (266 N. Y. 225). In that case it was held that under an order transmitting funds directing that they be held " until further order of the court," the chamberlain had no power whatever to make any investment of such funds. It follows in the instant case that the chamberlain was equally without power to make the investment in question or any other investment. The result is that the chamberlain was in effect a custodian or depositary of the fund. Plaintiffs are entitled to demand, as in fact they have, the return of the sum deposited. Since investments made by the various chamberlains are numerous and varied and may in any given case be *sui generis*, it is pointed out that the decision on this motion is limited to the type of order under which this deposit was made.

I find no merit in the contention that the statute is unconstitutional. Nothing in support thereof has been submitted. When it is remembered that under the charter (Greater N. Y. Charter, § 198) all fees collected by the chamberlain for services rendered in receiving and paying out moneys paid into court " shall be paid by him into the city treasury," it would seem rather futile to argue that the statutory liability imposed upon the city in these circumstances is either unjust or illegal. Motion is granted. Settle order on notice.