In the Matter of the Claims of DOW BEEKMAN and WILLIAM G. BEEKMAN, WALLACE H. SIDNEY, SOPHINA ROSE SIDNEY, Individually and as Executrix, etc., of MARY C. ROSE, Deceased, and Others, Respondents, against THE CITY OF NEW YORK under Chapter 724 of the Laws of 1905 and the Acts Amendatory Thereof and Supplemental Thereto, and In the Matter of the Application of the Above Named Persons, Petitioners, for a Peremptory Mandamus Order against PAUL WINDELS, Corporation Counsel of the City of New York, Appellant.— The corporation counsel of the city of New York has appealed from an order of the Rensselaer Special Term of the Supreme Court, entered in the office of the clerk of the county of Rensselaer on the 24th day of September, 1937, granting petitioners' motion for a peremptory order of mandamus against him compelling him to take the necessary steps to procure the appointment of commissioners of appraisal for the ascertainment of damages sustained by petitioners pursuant to the provisions of chapters 723 and 724 of the Laws of 1905 and the acts amendatory thereof and supplemental thereto. The petition is based upon claims under the Water Supply Act of the City of New York. Chapters 723 and 724 of the Laws of 1905 authorized the city to take the necessary steps to provide for an additional supply of pure and wholesome water and for the acquisition of lands for that purpose and for the appointment of a commission with powers and duties necessary and proper to attain these objects. Pursuant to the statute the city has acquired title to a large number of parcels of land in Schoharie, Delaware and Greene counties and has constructed a reservoir by erecting a dam across the Schoharie creek at Gilboa, N. Y., known as the Gilboa dam, and has impounded the waters of the creek into such reservoir and has thereby diverted the waters of the creek from their natural and customary channels. The petitioners allege that the diversion of the waters by the city has been continuous since July 24, 1926, and that their lands have been, continued to be and will be permanently damaged by such diversion. It is also alleged that their claims have been filed with and recognized by the board of water supply of the city but have never been adjusted and that they are all valid claims against the city of New York. Under the statute it is the duty of the corporation counsel to apply for the appointment of commissioners of appraisal to fix the compensation to which the property owners may be entitled. The statute also provides that plans to acquire the

necessary lands shall be adopted by the board of estimate and apportionment and that maps shall be made, approved and filed and that on such maps there shall be plainly indicated the lands to be acquired. After the adoption of plans and the filing of maps it is made the duty of the corporation counsel to apply to the Supreme Court for the appointment of commissioners of appraisal. It is conceded that no maps have ever been filed showing the lands of the petitioners affected by the city's proceeding. The petition also alleges that on many occasions petitioners have requested the corporation counsel to apply for the appointment of a commission for the determination of such claims but that he has declined to do so. The petition is resisted by the corporation counsel on the ground that petitioners' claims are barred by the Statute of Limitations and that petitioners have been guilty of laches. Petitioners' claims are not barred by the Statute of Limitations. (*Old Homestead Water Co.* v. *Treyz*, 202 App. Div. 98; affd., 234 N. Y. 612.) The petition also shows that although various commissions have been appointed to determine damages sustained by other claimants the corporation counsel of the city has consistently refused to have the claims of petitioners presented to the court. Petitioners, therefore, have a clear, legal right to relief. (*People ex rel. Burhans* v. *City of New York*, 198 N. Y. 439.) Order unanimously affirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.