ROCKLAND LIGHT AND POWER COMPANY, Appellant, *v.* THE CITY OF NEW YORK, Respondent. (Consolidated Appeals.)

Third Department, January 14, 1942.

*Cuddeback & Cuddeback* [*Jackson A. Dykman, Elton H. Beals* and *Samuel M. Cuddeback* of counsel], for the appellant.

*William C. Chanler, Corporation Counsel* [*Henry R. Bright, Theodore R. Lee* and *John E. Egan* of counsel], for the respondent.

HILL, P. J. The plaintiff is the owner of 4,382 acres of land " together with certain flowage rights and easements which are available for proposed hydro-electric developments " and other lands, upon which a hydro-electric development is located. These lands extend for more than eleven miles on the west and more than eleven and a half miles on the east side of the Neversink river which in this distance has a fall of approximately four hundred feet. Plaintiff may not develop the project in accordance with its plans because of a decree of the United States Supreme Court concerning the release of water by the city of New York from this projected reservoir, and because of the lands acquired by the city and the rights granted to it by the Legislature of the State. All these acts in connection with the city's Delaware water project have destroyed the value of the undeveloped portion of plaintiff's lands for their most available use and have lessened the value of plaintiff's one hydro-electric development. It may be that this work will never be finished; indeed, many public works projects will unquestionably be held in abeyance for the duration of the war, and it may be years before the work is completed, if at all. Should the city delay cutting off the water from the Neversink river for many years, plaintiff, under the decision below, would be denied the right to prosecute its claim for the ever-growing damages arising from a lack of a return on the investment, payment of taxes and other items. Section K41–44.0 of the Administrative Code of the City of New York is sufficient authority for recovery in connection with this claim. Section K41–18.0 provides for the filing of claims. Thereunder plaintiff's failure to file its claim within three years after the appointment of commissioners of appraisal constitutes a surrender of such claim and may be set up as a defense by the city. It would be the duty of the officials of the city to plead the Statute of Limitations and it has been done. (*Matter of Beekman* v. *City of New York*, 254 App. Div. 619.) Plaintiff is entitled to damages from the time when its damages accrue and commissioners have already been appointed; thus the three-year Statute of Limitations is now running.

I am not impressed by the theory that this will be unfair to the city. When and if the city actually diverts the water, plaintiff's full damages will have accrued, and if recovered fractionally, the whole is but the sum of the several parts, and damages presently recoverable on account of reduced value will be deductible from the total damage suffered by plaintiff. If, as suggested, the city will quite directly complete the reservoir and effect a diversion of the water, then doubtless the trial of the claim now filed would be combined with the trial of the claim for remaining damages following actual diversion.

The doctrine of *German Masonic Temple Assn.* v. *City of New York* (279 N. Y. 452), stated in the dissent, is adopted.

The orders and judgment dismissing the complaint should be reversed on the law.

CRAPSER and BLISS, JJ., concur; FOSTER, J., dissents, in an opinion, in which SCHENCK, J., concurs.

FOSTER, J. (dissenting). Plaintiff asks for a declaratory judgment. Summarized briefly the facts alleged in the complaint are these: That plaintiff is a gas and electric corporation, and the owner of several water power sites on the Neversink river below lands already appropriated by the defendant for water supply purposes; that defendant is now engaged in the construction of a dam above plaintiff's sites which will ultimately form a large storage reservoir and deplete the normal flow of water below the dam; that by reason thereof plaintiff's real estate and its established business have been decreased in value; and that it has sought and been denied the right to file a claim for damages. On the basis of these allegations it asks for a declaration of its rights as follows: (1) That it has a right at this time, pursuant to the Administrative Code of the City of New York, to file a claim for damages; (2) that it is entitled to file such claim with the commissioners of appraisal under proceedings brought for " Delaware Section No. 10, Watershed Department;" (3) that it is not necessary for plaintiff to attempt to agree with defendant as to compensation before filing its claim.

Without interposing an answer defendant moved to dismiss the complaint under rule 106 of the Rules of Civil Practice, on the ground that it did not state facts sufficient to constitute a cause of action. This motion was granted. A reargument was permitted upon an application made by the plaintiff on the ground that it had stated facts entitling it to a declaration of its rights, and after reargument the court at Special Term adhered to its original decision. However, in addition to the orders of dismissal

resulting from these motions, a judgment of dismissal, declaring that plaintiff has no present right to file a claim and that the Statute of Limitations will not begin to run against it until such right accrues, was also entered. Plaintiff appeals from those orders and the judgment of dismissal.

Aside from its position on the merits plaintiff has raised a point of procedure. It argues that irrespective of the final merits of the allegations pleaded in the complaint the motion to dismiss should have been denied and the defendant compelled to answer. Only upon this basis, it asserts, could a final declaratory judgment be made. It cites as an authority for this proposition the reasoning adopted in *Bruckman* v. *Bruckman Co.* (60 Ohio App. 361; 21 N. E. [2d] 481), and it also claims that the same principle was applied in *Strobe* v. *Netherland Co., Inc.* (245 App. Div. 573). In the last case cited, however, there was not only an answer interposed but also a trial was had. The judgment was held defective simply because it merely dismissed the complaint, and did not declare the jural rights of the parties. The rationale of the rule adopted in the Ohio case is impressive; nevertheless, it does not appear to have been followed in this State. In the case of *German Masonic Temple Assn.* v. *City of New York* (279 N. Y. 452) a complaint for a declaratory judgment was involved. No answer was interposed there, and the defendant made a motion to dismiss the complaint on the ground that it did not state a cause of action, a situation precisely the same as that involved in the case before us. In a *per curiam* opinion it was said, among other things: " Since the material allegations of the complaint are constructively admitted, there is no issue of fact and a declaratory judgment may appropriately be directed." Accordingly it directed a reversal of the judgment which merely directed a dismissal of the complaint, *but it also directed judgment for the defendants in accordance with its opinion.* Therefore, the procedural point that the court below had no power to render a declaratory judgment on a motion to dismiss the complaint would seem to be without merit, and particularly so in this case where the allegations of fact in the complaint are obviously true and not subject to a successful denial.

There remains the query as to whether the judgment appealed from correctly determines the jural rights of the parties. This part of section K41–44.0 of the Administrative Code is said by the plaintiff to be pertinent: " The owner of any real estate, not taken, situate in any one or more of the counties of Ulster, Delaware, Orange or Sullivan, or of any established business, directly or indirectly decreased in value by reason of the execution of any plans for or by the acquisition of land by the city for a water supply

from the Rondout and Delaware watersheds within such counties, or any of them, pursuant to law, his or its assigns, or personal representatives shall have a right to damages for such decrease in value, from the time of the beginning of such decrease in value, provided, however, that in the case of an established business, the recovery of or award made to any claimant shall not include any business that may have resulted by reason of the execution of any plans for such water supply." If this language does not cover the situation, plaintiff's theory must fall, and it is relegated to the general provisions of the statute with reference to claims for damages. On the other hand, if this part of the statute, taken alone, is held to be pertinent there can scarcely be any question as to the merits of plaintiff's theory. It is obvious beyond refutation that the value of plaintiff's water power sites is already diminished, so far as market value or development is concerned, by the execution of the city's plan to augment its water supply, incomplete though the work may be at the present time.

I do not deem the language of this excerpt as at all applicable. To avoid complexities and a multiplicity of claims, which it is quite evident the Legislature never intended, the application of this part of the statute must be limited to cases where there is no actual or contemplated physical invasion of private property, and this is in conformity with its plain intent. Otherwise there is no reason for this extension of compensable claims beyond the limits of ordinary condemnation claims. In this connection we must deal with the real probability that defendant's dam and reservoir will be completed and not with the remote possibility that they will be abandoned. It must be reckoned, therefore, that at some stage in the execution of the city's plan there will be an invasion of plaintiff's riparian rights which will amount to an appropriation of a part of its real estate. Plaintiff has alleged no facts which would indicate any decrease in the value of its present established business except as the same is related to the probable future invasion of its riparian rights. Therefore, it is not in the position of an owner whose property is not to be taken at all but which is nevertheless decreased in value, or whose business is to be damaged without any actual physical invasion, and hence that part of the statute quoted has no application to plaintiff's situation. If such is not the case then any owner, even though it may be perfectly apparent that his property will ultimately be taken, may file a claim for damages prior to its appropriation, alleging that by reason of the city's plan and its partial execution his property has decreased in value because he is unable to put it to some particular use, and then after its appropriation file

another claim for damages. It is inconceivable that the Legislature intended any such fragmentary procedure where ultimate appropriation in whole or in part is apparent. Except in a case where it is manifest that no appropriation or physical invasion is contemplated the time to file a claim should be fixed under the general provisions of the statute by the event of appropriation or physical invasion. Then all phases of the damage sustained may be explored and determined in one proceeding. Likewise the period of limitation in which to file a claim under such circumstances will not begin to run until the time to file a claim has arrived.

The judgment appealed from which declares the jural rights of the parties in conformity herewith should be affirmed, with costs. The orders dismissing the complaint should be reversed, without costs.

SCHENCK, J., concurs.

Orders and judgment dismissing complaint reversed on the law, with costs.